McCouN, J.
 

 The importance of this case is owing chiefly to the fact, that the judgment of the supreme court in the 4th district, on the opinion of Mr. Justice Paige, which is appealed from, and a judgment in the 5th district, in
 
 Croswell
 
 v.
 
 Crane
 
 (7 Barb. 191), on the opinion of Allek, J., upon precisely the same question, are directly in conflict with each other. That question is simply this, whether a parol agreement to let or demise a house or other real estate, for the term of one year, to commence
 
 in futuro,
 
 is valid in law ?
 

 There are two sections of our present statute concerning “fraudulent conveyances and contracts relative to
 
 *436
 
 lands,” which bear upon the question, and by which it must be determined; these are §§ 6 and 8 (2 R. S. 134). The first of these sections relates to the manner of
 
 creating
 
 an estate or interest in land, and of assigning it, &c. The other prescribes the requisites of a valid
 
 contract
 
 for the sale of land, or of any interest in lands; and both, by way of exception, leave “ leases for a term not exceeding one year,” and “ contracts for the leasing for a period not longer than one year,” unaffected by the formalities and requisites therein prescribed.
 

 It follows, therefore, that a lease “ for a term not exceeding one year,” and a contract for “ a lease or letting for a period not longer than one year” are valid, though made by parol; but the question is, whether the lease or contract, in order to be thus valid, must be confined to one year from the time of granting, or entering into it-The statute does not say so; there is no woi’d or expression which would seem to attach any such qualification or condition to a parol lease or contract of letting for a year, as that it shall commence immediately, and cannot be made to commence at some future day. The appellant nevertheless insists, and the reasoning of the court *in
 
 Croswell v. Crane
 
 is to the same effect, that the words “from the making thereof” are to be supplied, so that these sections of the. revised statutes must be understood as having the same qualification in that respect, which existed in the old statute,' allowing parol leases, and parol contracts for leases, not exceeding three years.
 

 It appears, that the revisers did not purpose to make any alteration of the old law in respect to leases, and contracts for leases, by parol, but prepared the sections limiting their term or duration to three years “ from the making thereof,” as in the then existing statute; and in that form, and with a view to a re-enactment, submitted the §§ 6 and 8 to the legislature. The appellant’s counsel supposes, that Mr. Justice Paige was mistaken, in saying
 
 *437
 
 that the legislature struck out the words “from the making thereof,” whereas, those words were dropped or stricken out by the revisers. The counsel has been misled on this subject; the revisers’ original reports, as printed for the use of the legislature, show that they prepared the 6th section for adoption, allowing of parol leases for three years, with the explanatory words, “ from the making thereof.” Whatever alteration it underwent, therefore, was an alteration by way of amendment in the legislature. The term of three years, as proposed, was reduced in the enactment to one year, and the words “from the making thereof” were entirely omitted.
 

 Now, who can say, or can have a right to say, that when those alterations and amendments were made in the law, the legislature did not intend to dispense entirely with the qualification which the latter words would seem to import ? It appears to me, a much more rational supposition, that the legislature did so intend, than that they did not; for if the object'had been merely to substitute one year for three years, and to make no other alteration in the principle of the law, they would have permitted the other words to remain. Those words were there already, and they were just as appropriate to the term of one year as to three years; they *were not the less required, to explain and limit the commencement of the term and duration of the lease, in the one case,.than in the other, provided it was the intention, that contracting parties should still regard it as the law, that their verbal contracts and leases for a year must not be made to commence on a future or subsequent day. Omitting to re-enact those words, when the term of a verbal lease was reduced to one year, shows, I think, very conclusively, a design to take off the restrictions they were calculated to impose, as not being necessary, when the letting should be but for a single year.
 

 The section of the statute now under consideration
 
 *438
 
 appears to me not to come within the rule of construction adverted to in
 
 Croswell
 
 v. Crane, that a mere change of phraseology in the revision of statutes does not work a change in the law, because, I think, the intention of the legislature in this instance to change the law, is too apparent, to admit of any doubt, from the circumstances I have mentioned. (2 Hill 380; 6 Id. 574.)
 

 The statute then threw no obstacle in the way of a parol lease, or of an agreement for a letting, for a year, to commence
 
 in futuro;
 
 and there is nothing in the common law to prevent it. From the making of a contract or lease, to take effect afterwards, a present interest vests — an
 
 interesse termini
 
 — though not an interest in possession, until the lessee enters upon the possession. (2 Preston’s Shep. Touch. 267, 271; 1 N. Y. 311.)
 

 The time between the making of the lease and its commencement in possession, is no part of the
 
 term
 
 granted by it. The
 
 term
 
 is that period which is granted for the lessee or tenant to occupy and have possession of the premises; it is the estate or interest which he has in the land itself, by virtue of the lease, from the time it vests in possession. AVhen, therefore, our statute speaks of a lease for a
 
 term
 
 not exceeding one year, and of a contract for a lease for a period not longer than one year’ ^ ^as re^ere:uce time for the *tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the
 
 term
 
 of one year, may as well be made to commence at a future day, as at the.day of making it; if it should not expire until two years from the time it was made, it might still be a lease only for one year.
 

 Another point has been presented by the appellant, viz., that there was an agreement, not in writing, which, by its terms, was not to be performed within a year from the making thereof, and therefore it was void. (2 R. S. 135, § 2, sub. 1.) The agreement in question
 
 *439
 
 took place on the 11th. September 1848, by which the defendant was to hold and occupy the premises for a year, to commence on the 1st April 1849. In
 
 Croswell
 
 v.
 
 Crane,
 
 the court appears to have considered that the above provision of the statute also applied to such cases, and was fatal to this agreement.
 

 That provision of the statute is a part of title 2 of the statute to prevent frauds in conveyances and contracts ; and the whole of that title and all its provision!! has reference only to “fraudulent conveyances, and con tracts relative to goods, chattels and things in action.’ It is very obvious, that none of its provisions have any application to, or effect upon, contracts or agreements concerning lands, or interest in lands. The
 
 first title
 
 of the statute performs that office; the
 
 second title
 
 applies to contracts and transactions affecting personal property only. The learned court of the 5th district must have overlooked this fact, when that part of the opinion was adopted, which supposes that the agreement or lease in question came within its provisions.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 The same point was decided by the Court of Common Pleas of New York, in Taggard
 
 v.
 
 Roosevelt, 2 E. D. Sm. 100.