TILLMAN *v.* FULLER.

## James W. Tillman v. Samuel A. Fuller.

*Lease — contract for a lease — statutory provisions governing each.* — The distinction between a lease and a contract for a lease is recognized in Sections 3171 and 3179, Compiled Laws — a lease being governed by the former, and a contract for a lease by the latter section.

*Contract for a lease — Statute of Frauds.* — A contract for a lease is performed by the making of the lease ; and, therefore, a verbal contract made in April for a lease for one year from the 1st of May following, is not within the provisions of the Statute of Frauds.

*Finding of facts by the Court — evidence cannot be reviewed.* — Where there is a finding of facts by the Court, and the case is brought up on exceptions by a writ of error, the evidence can only be examined so far as to see whether it *tends* to support the finding ; and the finding can be reviewed only so far as to see whether the legal conclusions are warranted by the facts found, or what judgment was authorized.

Therefore, where plaintiff sued on a parol agreement as a demise, and the Judge, in his finding, neglected to expressly find that there was a demise, and did not find such facts as would warrant the conclusion as one of law ; — *Held,* That the plaintiff could not recover.

*Lease — declaration on.* — In declaring on an agreement as a demise, there are but two proper modes of stating it : First, by its legal effect — that plaintiff did demise, let or lease, etc. ; or, second, by setting it forth in such manner as to show its legal character.

Where the statement of an agreement in a declaration was so made as to be fully satisfied by proof of a mere agreement for a lease ; — *Held,* That the agreement, as stated, did not constitute a sufficient consideration for a subsequent averment of actual renting and hiring, and that said averment of renting and hiring could have no effect in supporting the statement of said agreement as a demise.

*Consideration — statement of, in declaration — variance.* — Where the consideration for a promise is stated in a declaration, as consisting of two parts, each of which is material and pertinent, though either one standing alone, if so alleged, would sustain the promise, proof of but one is a variance, fatal to plaintiff's recovery.

*Heard October 13, 1864. Decided January 28.*

Error to Wayne Circuit.

The plaintiff's declaration, besides the common money counts, contained the following special count :

"For that whereas the plaintiff, at the city of Detroit, in said county of Wayne, and on or about the first day of May, 1860, at the request of said defendant, did make and enter into an agreement with said defendant for the hire and renting of his, the said plaintiff's, said dwelling

house, situated on the east half of lot two, on north side
of Woodbridge street, and on the Beaubien farm, and
between St. Antoine and Hastings streets, in said city of
Detroit, for the period of one year from said May 1st,
1860, at and for the annual rent of three hundred and
fifty dollars, payable quarterly; and said defendant, in
pursuance and in consideration of said agreement so
made, did actually rent and hire, from said plaintiff,
said premises for the period and at the rent aforesaid,
and possession thereof was duly delivered to him by
said plaintiff, under said agreement, and by him held
and enjoyed for the period of one year from said May
1st, 1860, by means whereof said defendant became liable
to pay to said plaintiff the said sum of three hundred
and fifty dollars, in manner aforesaid, and being so liable,
said defendant undertook and promised to pay said plain-
tiff the rent therefor, at and after the rate of three
hundred and fifty dollars per annum, and in quarterly
payments during said year; yet said defendant has not
paid said several sums of money aforesaid, nor has he
paid any part thereof, although often, by the plaintiff,
requested so to do, and especially requested at the time
and times when said quarterly payments became due as
aforesaid, but has wholly refused to pay the said plaintiff
the said sum of money, and still refuses so to do, to the
damage of said plaintiff."

The defendant pleaded the general issue. The case
was tried by the Circuit Judge, without a jury, and the
following is the finding:

"1st. That an agreement was made some time in the
month of April, 1860, and before the twentieth day
thereof, for the letting, on the part of the plaintiff,
and the hiring, on the part of the defendant, for one
year from May 1st, 1860, of a certain house and prem-
ises in the declaration described, at and for the annual
sum or rent of three hundred and fifty dollars, payable

TILLMAN v. FULLER.

quarterly, and that said agreement was not in writing, but was made by parol.

"2d. That, by said agreement, said defendant had a right to take possession on May 1st, 1860, and that the said premises were ready for his occupancy on that day, and thenceforth for one year.

"3d. That, in fact, the defendant never entered into possession of the premises, nor used the same.

"4th. That the premises were vacant during the year, except from May 1st to July 1st, 1860, while Dow, the former tenant, continued to occupy the same, under the following circumstances, viz.: A day or two before the 1st of May, 1860, Dow asked defendant for leave to stay there a short time, and defendant replied to him, that he had no objections, but had no authority.

"The Court, after due consideration of the facts and law in the case, does rule and hold:

"1st. That this agreement, as proven and found above, being by parol, and not in writing, is void by the Statute of Frauds.

"2d. And the Court further holds that, under the declaration of the plaintiff, he is not entitled to recover, because the defendant never entered into possession of the premises.

"And that the defendant is, therefore, entitled to a judgment for costs in the case."

*D. B. Duffield* and *G. V. N. Lothrop*, for plaintiff:

This agreement is not within the provisions of Chapter 104, Comp. L. Section 3177, of said chapter, expressly excepts from its operations a lease for one year; and in Section 3179, there is nothing which touches contracts for the leasing for the period of *one year*, which is this case. It only affects contracts for leasing of lands, or any interest in lands, for a period *longer than one year*.

It is adjudged in *Young v. Dake*, 1 *Seld.*, 465, that

"a parol agreement, to let a house for the term of one year, to commence *in futuro*, is good and valid in law."

This case overrules a former decision in *Croswell v. Crane*, found in 7 Barb., 192, which seems to have turned on the words, "from the making thereof," in the New York statute, and which are not found in ours. — See, also, *Taggard v. Roosevelt*, 2 *E. D., Smith*, 100.

The averment, that the defendant entered into possession, was immaterial, and might, therefore, be treated as surplusage.

It was no part of the contract alleged. The cause of action was perfect, and perfectly described without it. It was a fact wholly impertinent, because it did not affect the contract, or the right of action. — 2 *Chitty Pl.*, 551, *and notes;* 1 *Saund.*, 203, *note* 1; 1 *Chitty Pl.*, 229; *Bromfield v. Jones*, 4 *B. & C.*, 380; 1 *Green, Ev.*

*J. P. Whittemore*, for defendant:

1st. As upon an agreement for a lease, this action cannot be sustained.

The plaintiff claims that the agreement proved is an agreement for a lease, or, as he calls it, a contract for a lease, to be executed on the first day of May; and he claims to recover on such an agreement.

This cannot be, for the declaration is upon an executed lease, and not upon an agreement on the one part to execute, and on the other to take a lease. Such a declaration would require allegation of a tender of a lease on the day named, and refusal to take, and of special damage arising from the not taking.

2d. The defendant never having possessed the property, the declaration for use and occupation is not sustained.

*a.* At common law, assumpsit does not lie for rent. —*Taylor's Landl. and Ten.*, §635; 1 *Chit. Pl.*, 344; but, see *Hardwicke*, 343. And under the Statute of George,

(re-enacted in Michigan,) it only lies where the premises are actually occupied. — *Taylor's Landl. and Ten.*, §641; 1 *T. R.*, 735, 8 *id.*, 327; 6 *Bing..* 206; 3 *Taunt.*, 65; 2 *H. Bl.*, 31; 5 *B. & A.*, 584.

*b.* The action should have been upon the agreement alleging performance, or. tender of performance, on the part of plaintiff, and default on the part of defendant. —1 *Chit. Pl.*, 331–2–3.

And the proof of performance, or *notice of readiness*, and offer to perform, by plaintiff, is requisite to a recovery. The Court only finds the fact of readiness, without notice or offer. — *Parker v. Parmele,* 20 *J. R.*, 130; 11 *Wend.*, 48; 3 *Den.*, 363; 1 *Chit. Pl.*, 327; 8 *Taunt.*, 62.

CHRISTIANCY, J.:

Two errors are assigned by the plaintiff in error, (who was also plaintiff below): 1st. That the Judge erred in holding the agreement proved to be void under the Statute of Frauds; and, 2d. In holding that the plaintiff, under his declaration, could not recover, because the defendant never entered into possession.

Whether the first question properly arises in the case, depends upon the question, whether the agreement proved constituted, of itself, a lease, or present demise, or only a contract for a lease or future letting.

By *Chap.* 80, *Sec.* 6, *of the Revised Statutes of* 1846, ( *Comp. L.*, § 3177,) it is declared that " no estate, or interest in lands, other than leases for a term not exceeding one year, nor any trust .or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing," etc. By the 8th section of the same chapter: " Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be

TILLMAN v. FULLER.

void, unless the contract, or some note or memoranda thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing." These two sections clearly adopt the well known common law distinction between a lease and a contract *for a lease*. If the contract constitutes a lease of itself, it can be effected only by the sixth section, above cited; if only a contract for a lease, or future letting, it will be governed by the eighth section. If a lease, then the question intended to be raised by the first assignment of error is fairly presented — whether it is void, because the term, though but for a year, yet being made to commence in future, extends beyond a year from the time of the demise? If, however, the agreement was but a contract for a future letting, or lease, then as a letting, or lease, by the plaintiff at the time agreed upon, would constitute a performance of the contract, and as the agreement was made in April, for a term to commence on the first day of May, in the same year, no such question can arise, nor any question under the first clause of the second section of the next chapter, which requires "every agreement to be in writing that, by its terms, is not to be performed within one year from the making thereof."

The plaintiff's counsel contended, in the Court below, and insists here, that the agreement proved constituted, of itself, a lease, or present demise, of a term to commence *in futuro*, and he does not claim to recover upon any other ground. And if the agreement only amounted to a contract, on the part of the plaintiff, that he would thereafter let the premises, and on the part of the defendant, that he would thereafter take them on the terms proposed, then, as the defendant never went into possession, the only breach which could be assigned

would be his refusal to take and become tenant, etc.; and the present declaration is not properly framed for such a purpose. It was, therefore, incumbent on the plaintiff to prove a present demise. The general features of difference between a lease, or present demise, and a contract for a future letting, are well understood, though the line of distinction is often difficult to trace, in its application to particular cases; and there is much conflict in the authorities. The question has generally arisen, as one purely of law, upon the construction of the language of a written instrument, the distinction being often made to turn upon very slight differences of phraseology, though it is always a question of the intention of the parties. But in the present case, the agreement being merely verbal and informal, and to be gathered from conversations, and the evidence being, in some respects, conflicting, the question was one of fact — what the contract was; or, at most, one of mixed law and fact. So far as it depends upon the facts, we cannot review the evidence — the case being brought up on exception and writ of error, and not upon a case made for review upon the facts. We must take the facts to be such only as the Judge has stated them in his finding, and to which we can add no fact not found more than in the case of a special verdict. We can look to the testimony only so far as to see its tendency, and whether there was evidence tending to support the finding; and we can review the finding only so far as to see whether his legal conclusions are warranted by the facts found, or what judgment was warranted by such facts. We have not the aid usually afforded upon the question of construction, by the very language in which the agreement was expressed. The Judge has not stated it in his finding, which would, probably, have been impracticable; and if he had stated the whole conversation between the parties, the intent

of the parties, which constitutes the contract, would, probably, be but a mere question of fact, or an inference of fact, to be drawn from such conversation. But, at all events, to warrant us in pronouncing the agreement an actual demise, the Judge should either have expressly found it to be a lease or demise, or that such was the intention of the parties, or should have stated such facts as would lead to such a conclusion, as one of law. If he has only found such an agreement, or such facts, as leave the question open, whether it was a lease or a mere agreement for a future letting, then, as the burden of proof was upon the plaintiff, we are not authorized to pronounce it a lease, and the plaintiff must fail. Now, it seems to me the Judge has purposely and carefully avoided finding the agreement to be a lease, or present demise. His finding of the contract is in these words: "That an agreement was made some time in the month of April, 1860, and before the twentieth day thereof, for the letting, on the part of the plaintiff, and the hiring, on the part of the defendant, for one year, from May 1st, 1860, of a certain house and premises, in the declaration described, at and for the annual sum of three hundred and fifty dollars, payable quarterly; and that said agreement was not in writing, but was made by parol." Now, this statement would be equally true, and the language quite as appropriate, if the agreement intended to be found was only an agreement for a future letting, and not a present demise.

Has the Judge stated any other fact, from which we are authorized to find a present demise? The only other statement in the finding, which can be claimed to have any bearing upon the point, is the subsequent statement, "that, by said agreement, said defendant had a right to take possession on May 1st, 1860, and that said premises were ready for his

occupancy on that day, and thenceforth for a year." Now, so far as this statement relates to the right of entry, it is, in form at least, but a statement of a legal conclu-; sion; and no facts are given as the foundation for such a conclusion, except the contract previously stated, and the further fact that the premises were ready for his occupancy. But whether this be stated as a fact, or a conclusion of law, the right of entry, and the fact that the premises were ready for defendant's occupancy, are quite as consistent with a mere contract for a future letting, as with an actual demise. In fact, the right of entry is so general an incident of a contract for a lease, that it is sometimes stated generally, without qualification, that such agreement will operate as a license to enter upon the premises agreed to be demised.—*Taylor's Landlord and Tenant, Sec.* 37.

It further appears from the finding that, in fact, the defendant never entered into possession of the premises, nor used the same.

While, therefore, we think the Judge, by not properly distinguishing between a lease and an agreement for a lease, under the statute, erred in holding the agreement void because not in writing, it was not an error which operated to the prejudice of the plaintiff, as no judgment in his favor was authorized by the facts found. This disposes of the case; but it may not be improper to intimate an opinion upon the question raised by the second assignment of error, which, we are inclined to think, must lead to the same result. The declaration is peculiar. It does not, we think, fairly allege a demise, or present letting, by the plaintiff, as claimed by his counsel. If the agreement was relied upon as a demise, there were but two proper modes of stating it: 1st. By its legal effect — that the plaintiff did demise, let, or lease, etc.; or, 2d. By setting forth the agreement in such manner, as to show to the Court

that such was its legal effect. But the statement of the plaintiff's agreement is such, that it would be fully-satisfied by proof of a mere agreement for a lease. This is the whole consideration stated for the defendant's actual renting and hiring, as the declaration immediately proceeds to state that "the defendant, in pursuance, and in consideration of, the agreement, did actually rent and hire, of the said plaintiff, the said premises, for the period and at the rent aforesaid." This actual renting and hiring is not supported by the consideration stated, unless the agreement be so stated as to constitute a present demise. Yet it is this alleged renting and hiring by the defendant, which furnishes the only inference that the agreement on the part of the plaintiff was intended to be stated as a demise; but to give this any effect in supporting the statement of the agreement as a demise, would be arguing in a circle. The declaration, after the words last quoted, proceeds: "And possession thereof was duly delivered to him by the said plaintiff, and by him held and enjoyed," etc., "by means whereof the said defendant became liable to pay to said plaintiff the said sum of, etc., in manner aforesaid; and being so liable, the said defendant undertook and promised," etc.

Now, as no actual tenancy — no relation of landlord and tenant — is created by an actual demise, without entry, we think, by any fair construction, we must infer from this declaration, that the plaintiff did not intend to found his claims merely upon the agreement stated, whatever that agreement was; but in part, at least, upon delivery of possession, or the tenancy. No direct promise to pay is stated, except that which follows the statement of the tenancy, as in a declaration for use and occupation, and that promise is stated as being, in part at least, in consideration of the liability growing out of the delivery of possession — in other words, out

TILLMAN *v.* FULLER.

of the tenancy; and though the usual words, "in consideration thereof," are omitted, the whole context. shows the effect was intended to be the same as if they had been inserted. This, therefore, as stated, is a part of the consideration alleged for the promise; and it is not a part which is idle, frivolous, or of no value, and which can, therefore, be rejected as surplusage.

Admitting, therefore, that a present demise is sufficiently alleged, this is still a case where the consideration is stated as consisting of two parts, each of which is material and pertinent, and but one of which. has been proved; and though one of these considerations alone, had it been so alleged, would have been sufficient to sustain the promise, still it is a fatal variance, as it is not the consideration alleged.— *See* 1 *Chitty's Pl.*, 327–328. The Judge was, therefore, correct in holding that the plaintiff could not recover under this declaration, because the defendant never went into possession.

The judgment of the Circuit Court must, therefore, be affirmed, with costs.

MARTIN Ch. J. concurred.

CAMPBELL J.:

I think the declaration in this cause sets forth unequivocally an executed contract to lease, under which possession is alleged; and that the liability to pay rent is dependent, under the allegations, upon the completed lease and possession, which are not proved. The finding, I think, is of an executory contract only, and the breach of such a contract is failure to accept possession, and not failure to pay rent, in the absence of an independent promise or covenant. I concur in the general views of my brother Christiancy, and in the result at which he has arrived.