## MALCOLM J. WHITING v. PETER OHLERT.

*Statute of frauds—Agreement for future lease.*

1. An agreement for a lease may be a different thing from the lease.

2. A parol agreement for a year's lease to begin in the future is valid, and not within the Statute of Frauds as an oral contract for more than a year's lease.

Error to Wayne.   (Chambers, J.)   Jan. 16.—Jan. 22.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Stewart & Galloway* for appellant.

*James H. Pound* for appellee. A leasehold interest is a chattel (4 Kent Com. 95) and a lease cannot be made by parol for the full term allowed by law, to begin at a future time, because it cannot be fully performed within a year from the making thereof. *Boydell v. Drummond* 11 East 142; *Bracegirdle v. Heald* 1 B. & Ald. 722; *Snelling v. Huntingfield* 1 C. M. & R. 20; *Giraud v. Richmond* 2 C. B. 835; *Lockwood v. Barnes* 3 Hill 128; *Wolf v. Dozer* 22 Kas. 436; *Whiting v. Pittsburgh Opera Co.* 88 Penn. St.

100; *Scoggin v. Blackwell* 36 Ala. 351; *Parker v. Hollis* 50 Ala. 411; *Stackberger v. Mosteller* 4 Ind. 461; *Delano v. Montague* 4 Cush. 42; *Grant v. Ramsey* 7 Ohio St. 157; *Larkin v. Avery* 23 Conn. 304; *Janes v. Finny* 1 Root 549.

CAMPBELL, J. This was an action by a tenant against his landlord for disturbance in his enjoyment. The main dispute was concerning the validity of the lease. The testimony tended to show an agreement by parol in April for a year's tenancy from the beginning of May. The court below held that an agreement by parol for a full term of a year, to begin in the future, was void under the Statute of Frauds. That statute provides that all contracts for the leasing for more than one year of lands shall be void unless in writing. Comp. L. § 4694. [How. St. § 6181.] The only other provision supposed to be involved is that which declares that every agreement which by its terms is not to be performed within one year must be in writing. Comp. L. § 4698. [How. St. § 6185.]

The distinction between an agreement for a lease and the lease itself was pointed out in *Tillman v. Fuller* 13 Mich. 113. It is very well settled that a lease may be made to take effect in future, and that the estate does not begin with the contract, but with the future period. *Young v. Dake* 5 N. Y. 463; *Trull v. Granger* 8 N. Y. 115; *Wood v. Hubbell* 10 N. Y. 479. It is held in New York, under a statute corresponding to ours, that an agreement by parol for a future term not exceeding one year is valid, and not within the statute. *Young v. Dake* 5 N. Y. 463. That case is well considered, and is, we think, a fair construction of the statute, which ought not to be given a strained meaning. The same doctrine has been adhered to in that state, and is re-affirmed emphatically in *Becar v. Flues* 64 N. Y. 518, where a tenant was held liable for the agreed rent, who had never gone into possession, and had declined to do so.

Concurring, as we do, in this view of the law, we think the court below erred in its ruling, and should have allowed

a recovery of damages for the injury done plaintiff. We note further in the record that the right of possession seems to have been determined in plaintiff's favor in proceedings before a commissioner, and we cannot understand why on any theory his recovery, to some extent at least, was questionable. But as tenant for a year he was of course entitled to larger damages.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.