agreement for a lease, and, pursuant to that rule of construction, language like that set out in the answer has been held to be equivalent to a declaration of present hiring. Hurlbut v. Post, 1 Bosw. 28. But when, as in the case at bar, nothing further is pleaded from which the intent of the parties can be gathered, we must construe the words literally. Applying such construction, the tenant's plea amounted to nothing more than an agreement for a lease. As the latter conveys no estate in lands or tenements, the tenant did not, by the language used in his answer, assert a right to possession. It was, therefore, properly disregarded, as not raising an issue; hence the order must be affirmed.

Order affirmed, with costs to the respondent. All concur.

---

(29 Misc. Rep. 641.)

### NERTER v. MUSER.

(Supreme Court, Appellate Term. November 29, 1899.)

STATUTE OF FRAUDS—LEASE.

 In an oral contract for a lease for one year in futuro, the time intermediate the making of the lease and its taking effect in possession being no part of the term, the contract is not within the statute.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Peter J. Nerter against Carl Muser. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

August P. Wagener, for appellant.
John F. Coffin, for respondent.

MacLEAN, J. Upon oral pleadings, the plaintiff brought this action to recover rent under an oral letting for one year in futuro, with renewal privilege, crediting upon his claim moneys received at the making of the contract and from subsequent letting on account. A renting of the premises was admitted by the defendant, who disputed the commencement without denying the duration of the term. There was thus presented a question of fact, and no reason appears for disturbing the determination of the trial justice, either as to the fact or law; the time intermediate the making of the lease and its commencement in possession being no part of the term, and so not within the statute. Young v. Dake, 5 N. Y. 463.

The judgment should be affirmed, with costs. All concur.