## PAULTON V. KREISER.

Under Rev. Civ. Code 1903, § 1238, subd. 5, providing that an agreement for the leasing of real estate for a longer period than one year is invalid unless the same, or some note or memorandum thereof, be in writing, an oral lease of real estate for one year for a term beginning a day or two in the future is valid.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by Marion C. Paulton against Herman P. Kreiser. Judgment for defendant, and plaintiff appeals. Affirmed.

*Winsor & McNaughton,* for appellant.

*Kittredge, Winans & Scott,* for respondent.

FULLER, J. Plaintiff, who brought this action to recover possession of certain Sioux Falls real property used by the defendant as a drug store, appealed from a judgment dismissing her complaint and from an order overruling a motion for a new trial. The evidence shows, and the court found, that respondent is the surviving partner of the firm of Fred Kreiser & Son, who occupied the premises under a lease executed in writing by appellant for the full term of one year from and after the 1st day of May, 1902. Fred Kreiser, the senior member of the firm, died on the 1st day of April, 1903, and a day or two prior to the expiration of the lease, appellant, with full knowledge of such fact, made an oral contract with respondent by the terms of which the latter was to continue to occupy the premises for a term of one year from May 1, 1903, at the same monthly rental as that paid by the firm, and appellant there-

upon agreed to execute, as soon as convenient, a written lease containing the same terms and conditions as the partnership lease under which respondent was then in possession, and by the terms of which $52 rent was payable monthly in advance for and during the entire period of 12 months. After respondent had promptly paid the $52 due May 1, 1903, and appellant had receipted therefor in full, he caused a notice to quit to be served, which respondent disregarded, and still remains in possession, tendering the rent agreed upon, and depositing the same, with due notice, in a bank of good repute, on the 1st day of each month. While other points are presented by counsel, a proper decision of the case requires no more than the construction of certain provisions of section 1238 of the Revised Civil Code of 1903, commonly known as the "statute of frauds," and which are, so far as essential, as follows: "The following contracts are invalid unless the same or some note or memorandum thereof, be in writing and subscribed by the party to be charged or by his agent: (1) An agreement that, by its terms, is not to be performed within a year from the making thereof. * * * (5)· An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein." In strict conformity with every recital of the unexpired written lease for one year, the minds of the parties met upon all the terms and conditions of an oral contract for the leasing of the premises for another year, commencing a day or two later, and the validity of such parol agreement for a period no longer than one year is the exact question to be decided. As section 1236 of the act expressly declares that "all contracts may be oral except such as are specially required by statute to be in writing," and the

manifest purpose of subdivision 5, § 1238, was to remove from the operation of the invalidating provision leases which do not exceed a term of one year's duration, the interpolation of the phrase "from the making thereof" would be wholly unwarranted, and contrary to the intention of the Legislature. Hence an essential requisite of an oral agreement for the leasing of land is that the duration of the specified term shall not exceed one year from the time the tenure is to begin, and that such a lease cannot be fully performed within one year from the time it was made and entered into by the parties has no tendency to render the same nugatory and void. Manifestly, the expression, "for a longer term than one year," relates to the duration of the term, and the omission of the phrase, "from the making thereof", shows an intention not to invalidate a parol lease of land for a term of one year to commence at a date subsequent to the making thereof. In construing a similar statute it is said by the New York Court of Appeals that: "The time between the making of the lease and its commencement in possession is no part of the term granted by it. The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession. When, therefore, our statute speaks of a lease for a term not exceeding one year, and of a contract for a lease for a period not longer than one year, it has reference to the time for the tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the term of one year, may as well be made to commence at a future day as at the time of making it." Young v. Dake, 5 N. Y. 463, 55 Am. Dec.

356.   That court still adheres to the doctrine that an oral agreement for a future term not exceeding one year is valid, and that the estate does not begin with the contract, but with a future period.   Among the cases holding under corresponding statutes that a lease for a term of one year may be made to commence at a future date just as well as the day when made are the following:   Sobey v. Brisbee, 20 Iowa 105; Whiting v. Ohlert, 52 Mich. 462, 18 N. W. 219, 50 Am. Rep. 265; Steininger v. Williams, 63 Ga. 475.   In the well-reasoned case of Becar v. Flues, 64 N. Y. 518, a tenant under such a lease as the one before us sought to avoid the payment of rent on the ground that a parol agreement for a year's lease, to begin in the future, is not enforceable, and, although he had never gone into possession, and the landlord made no attempt to relet the premises, he was held liable for the aggregate amount of one year's rent.

No reasonable doubt exists as to the accuracy of the view taken by the trial court, and the judgment appealed from is affirmed.