WHALEN v. GALY.

1. LANDLORD AND TENANT—LEASE—AGREEMENT FOR LEASE VESTS NO ESTATE.

An agreement to execute a lease vests no estate in the proposed lessee, and is no defense to an action against him in summary proceedings for possession, but it gives him a right of action for the breach of the contract.

2. SAME—EVIDENCE—DIRECTED VERDICT.
    *Held*, that the testimony of defendant and the concession
    of his counsel showed an agreement for a lease, and not
    an actual leasing of the premises, and that a verdict for
    plaintiff was properly directed.

Error to Kent; Davis (Frank D. M.), J., presiding. Submitted April 21, 1920. (Docket No. 13.) Decided June 7, 1920.

Summary proceedings by Martin Whalen against Joseph Galy for the possession of leased premises. There was judgment of restitution, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Frank J. Powers*, for appellant.

*John J. McKenna*, for appellee.

On November 8, 1915, plaintiff entered into a lease with one Elias A. Fraam. The lease covered three stories and the basement and expired by its terms on November 1, 1918. The lease contained a provision against assignment without the written assent of the lessor—plaintiff.

On February 7, 1917, Fraam sold his interest in the lease to defendant Galy and attempted to secure from plaintiff a consent to its transfer, which was refused. An arrangement was thereupon made between Fraam and Galy to operate the restaurant together, rent to be paid by Galy to Fraam, and by Fraam to Whalen. This arrangement continued until August, 1918, when Fraam left. He was told by the plaintiff that plaintiff would hold him responsible for the rent for the balance of the term.

Galy continued in possession of the premises and on November 23, 1918, plaintiff served upon him a notice to quit. No attention was paid to this notice

by defendant and on December 5, 1918, he tendered the plaintiff the sum of $160 as rent for the month of December, 1918, and demanded a receipt, which, it is said, would have recognized his tenancy. Plaintiff refused the $160 but offered to accept $150 upon condition that defendant would move out on or about January 1, 1919.

In the meantime, and on November 8, 1918, plaintiff executed a new lease of the premises to one Nicholas Fraam for a period of five years, commencing January 1, 1919. Defendant, having refused to quit and deliver up possession, this action to recover possession of the building was brought before a circuit court commissioner, where plaintiff had judgment of restitution. An appeal was taken therefrom to the circuit court, where said judgment was affirmed.

BROOKE, J. (*after stating the facts*). Upon the trial defendant testified that plaintiff, some time in August, agreed to give him a new lease for three years, commencing December 1, 1918, at $160 per month, plaintiff to furnish the heat; or $150 per month, each party to furnish half of the heat. He further testified that on October 8, 1918, plaintiff told him that he could not have the lease for three years but that he would give him a lease for one year. His exact testimony is as follows:

"*Q.* He promised you he would give you a lease, didn't he?
"*A.* Yes.
"*Q.* And he never gave it to you, did he?
"*A.* He didn't give it to me. I was waiting for it.
"*Q.* You were waiting for it?
"*A.* Yes.
"*Q.* And you are waiting for it yet, aren't you?
"*A.* Yes.
"*Q.* You never got it, did you? You haven't got any lease now, have you?
"*A.* No, sir."

In a colloquy between court and counsel, the following occurred:

"*The Court:* It simmers right down to this then, as to whether there was a new lease or not.

"*Mr. Powers:* Yes. * * * Our claim is now, that in October, 1918, they made an agreement for a lease to begin on December 1, 1918, fixing the length of time and fixing the amount to be paid, $160, the amount that they agreed upon.

"*The Court:* Do you claim that to be an actual lease?

"*Mr. Powers:* An agreement for a lease, beginning at that time.

"*The Court:* Now, do you think that an agreement to execute a lease at that time is a defense in a summary proceeding?

"*Mr. Powers:* I do.

"*The Court:* If he did actually make an agreement to give a lease and failed to perform, you are entitled to recover your damages in some sort of action; but, is that a defense in this form of action? Have you looked up on that question?

"*Mr. Powers:* No, I have not, especially."

The court thereupon directed a verdict for the plaintiff. A judgment was entered upon said verdict and the case is now here for review, under five assignments of error, all of which are argued together and go to the propriety of the court's action in directing a verdict. The only question argued at length by counsel for appellant is that based upon the alleged error of the court in deciding a controverted question of fact in favor of the plaintiff. It is the claim of counsel for defendant that, taking the testimony of defendant and his supporting witnesses together, it showed, not an agreement to execute a lease thereafter, but an actual leasing of the premises by plaintiff to defendant for the term of one year, citing *Whiting* v. *Ohlert,* 52 Mich. 462 (50 Am. Rep. 265); *Waldo* v. *Jacobs,* 152 Mich. 425 (15 Ann. Cas. 343); *Rooks* v. *Booth,* 160 Mich. 62. Counsel for plaintiff

concede the authority of the cited cases, but contend that by the undisputed testimony as well as by concession of counsel, there was, at most, an agreement for a lease on October 8th, commencing December 1, 1918, and that said lease never was actually executed.

The authorities recognize a clear distinction between an agreement to execute a lease and an actual lease, the first vesting no estate in the proposed lessee while the latter conveys an estate. In the first class of cases, the proposed lessee has his remedy through an action for the breach of the contract. *Tillman* v. *Fuller*, 13 Mich. 113; *Whiting* v. *Ohlert, supra; Billings* v. *Canney*, 57 Mich. 425. See, also, 24 Cyc. p. 899, and cases cited. Upon the testimony of defendant and the concession of his counsel, we are of the opinion that the verdict was properly directed for the plaintiff.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.