JOSEPH PULIS *et al.*, Respondents.

*vs.*

OSCAR M. DEARING, Appellant.

APPEAL FROM LA FAYETTE CIRCUIT COURT.

The provisions of the code do not abolish the action of replevin before a justice of the peace as it existed previous to the enactment of the code.

Chapter 2 of title 7 of the code in relation to the claim and delivery of personal property, relates exclusively to a proceeding in a court of record, and has no application to courts of justices of the peace.

This was an action of replevin commenced in a justice's court, since the adoption of the code. The justice held that he had no jurisdiction of the cause of action and nonsuited the plaintiff, who appealed to the circuit court, where the judgment of the justice was reversed, and the plaintiff had judgment, and the defendant appealed. The only question raised and decided in the court below and presented here was, whether the jurisdiction of justices of the peace in actions of replevin was abolished by the code. This is fully stated in the opinion of the court, as well as the citations of counsel, which are therefore omitted.

*Knowlton & Higbee*, for the Appellant.

*Crawford, Simpson & Magoon* for the Respondents.

*By the Court*, COLE, J. This was an action of replevin commenced in November, 1857, before a justice of the peace for La Fayette county. The affidavit and writ were in the form prescribed by chapter 88, R. S. On the return day the defendant demurred to the declaration, assigning among other causes, the following ground of demurrer (which is understood to present the only real question in the case) to wit:

" That this action is not commenced in the form required by law, there being no summons or complaint therein as by the law is required." The justice sustained the demurrer and dismissed the suit, holding that an action in this form could not be prosecuted since the adoption of the code. The plaintiffs took an appeal to the circuit court, and that court reversed the judgment of the justice and held that the action would be in form the same as before the enactment of the code.

It is to determine the correctness of this latter decision that the case has been brought to this court.

The question then, is whether replevin in form as prescribed by the revised statutes in justices' courts, has been abolished by the code? We are of the opinion that it has not. It is not contended by the counsel for the appellant that the action of replevin in justices' courts as prescribed in the revised statutes has been abolished by any express provisions of the code, but still it is insisted that from all the language of that enactment bearing upon this question, it was evidently intended by the legislature to abrogate all previously existing forms of actions in all the courts of this State, and to substitute therefor, one form in all civil cases. And we have been referred to the title and preamble of the code in support of this position. It must be admitted that the mere title of an act is a very unsafe guide to aid us in ascertaining even in the most general manner, the meaning of an act, while the preamble is only resorted to in doubtful cases to discover the scope and purport of a statute, from the mischiefs which are to be remedied and the objects to be accomplished by its provisions. But however useful the title and preamble may be for collecting the intent and showing the mischiefs the framers of the act intended to remedy, still obviously they cannot enlarge the scope and operation of the statute. Upon an examination of the code we find that section nine provides that, " The courts of justices of the peace

Pulis et al. vs. Dearing.

shall continue to execute the jurisdiction now vested in them respectively, and *the proceedings in such courts shall be as now prescribed by law*, except, as otherwise provided by this act." Nowhere does the code attempt to change the proceeding in an action of replevin in a justice's court. Chapter two of title seven in reference to the claim and delivery of personal property relates exclusively to a proceeding in a court of record, and can have no application to courts of justices of the peace. From section nine first cited we are led to the conclusion that the legislature did not intend to change the proceeding in an action of replevin in justices' court. The code expressly declares that those courts shall continue to exercise the jurisdiction vested in them at the time of its enactment, and that the proceedings therein shall remain unchanged except as otherwise provided in the act. No change was made or attempted to be made in the proceeding by replevin in such courts, and we must therefore hold that the action in the present case was rightly instituted.

We have been referred in the argument to other provisions of the code, to show, that since its adoption, courts of justice of the peace have no jurisdiction of the action of replevin, but we do not think these provisions have any direct bearing upon the question under consideration, and therefore shall not further notice them.

It may appear a little inconsistent, that an enactment which professes to abolish all the old forms of action and pleading in cases at common law and to do away with all distinction between legal and equitable remedies, should permit these distinctions to continue in our inferior courts, but with this inconsistency we have nothing to do. We can only construe the code as we find it, and we think it would be giving to its language an unreasonable and forced construction to hold that it abolishes the proceeding in an action of replevin in justices' courts.

The judgment of the circuit court is therefore affirmed.