WHITE and another VS. HANCHETT.

STATUTE OF FRAUDS: *oral contract for purchase of chattels.—Acceptance of goods; waiver of condition.*

1. An oral contract for the purchase of chattels, is not void by the statute of frauds on the ground that the chattels were not to be delivered within a year, if it be such that it *might* be performed within a year.

2. Where the contract was for the purchase and sale of railroad ties, and the ties, after being brought to the place of delivery, were to be inspected and counted before acceptance, but the purchaser had them loaded upon cars and sold without such inspection: *Held*, that this was such an acceptance as rendered him liable *on the contract*.

APPEAL from the Circuit Court for *Outagamie* County.

The parties to this action entered into an oral· agreement, in November, 1864, by which defendant was to deliver to plaintiffs on the railroad at the city of Appleton, an unlimited number of railroad ties; the same to be counted and accepted by plaintiffs, or by a certain person in their behalf. Defendant delivered ties before the end of July, 1865; the number of which, actually accepted and carried away from the place of delivery by the plaintiffs, he claims to have been 8,940, which at the contract price would have amounted to $2,235, and which he claims also were reasonably worth that sum. The plaintiffs disputed the amount claimed to have been delivered, and brought this action on account of moneys paid to or for the use of defendant, on which they alleged a balance of $39 to be due them. Defendant denied that any balance was due plaintiffs on account, and set up a counter-claim for balance due him on said ties, amounting to $220.11. Reply, in. denial.

An objection by the plaintiffs to all evidence in support of the counter-claim, on the ground that the contract was void under the statute of frauds, was overruled. The evidence tended to show that some ties had been delivered by defendant more than he had received credit for upon plaintiffs' account; and that these had been shipped by defendant without having

been counted or otherwise accepted for or by them. The jury were instructed, among other things, that if plaintiffs, after the ties were delivered at Appleton by defendant, took and shipped them without their being counted and inspected, this was such an acceptance as would render them liable to defendant therefor.

Verdict in favor of defendant for $61.15 damages; and from a judgment on the verdict, plaintiffs appealed.

*Hudd & Wigman*, for appellants:

1. The contract set forth in the counter-claim was void by the statute of frauds. R. S., ch. 107, sec. 2; 10 Wis., 62; 2 Parsons on Con. (5th ed.), 45; 3 id., 35, and note (g); 2 Denio, 87. Defendant could recover only on a *quantum meruit*. *Cocking v. Ward*, 1 C. B., 858; *Kelly v. Webster*, 12 id., 283. 2. If plaintiffs converted the property while the title was yet in defendant, the latter had a right of action *ex delicto* only.

*W. S. Warner, contra.*

DOWNER, J. The appellants maintain that the contract set out in the counter-claim is within the statute of frauds, because the ties were not to be delivered within a year. The contract, to be within the statute, must be such that it *cannot* be performed within a year. *Roberts v. Rockbottom Co.*, 7 Met., 47; *Kent v. Kent*, 18 Pick., 569; *Wells v. Horton*, 4 Bing., 40. The defendant, in his counter-claim, avers, and the evidence shows, that the ties were delivered and accepted within a year.

The appellants also contend that although the ties were delivered at the place agreed on, and by them taken, loaded on the cars and sold, yet they are liable therefor only in an action *ex delicto*, because the ties were not inspected and counted by the parties while on the cars, according to the agreement; and that the court erred in instructing the jury that the taking and shipping of the ties by the appellants, without such counting and inspection, was such an acceptance as would render them

liable therefor in this action. This position is so obviously un-
tenable as to need no argument to prove it so.

*By the Court.*—Judgment affirmed.