Conway vs. Mitchell.

CONWAY, Respondent, vs. MITCHELL, Appellant.
CONWAY, Appellant, vs. MITCHELL, Respondent.

*October 1— October 22, 1897.*

*Practice: Submission for special verdict: Comments by court: Statute of frauds: Evidence: Damages: Counterclaim.*

1. For the court to submit to the jury a question for a special verdict, evidently with reluctance, and preface it with the words: "Propounded by counsel for the defendant," and instruct them that such question "stands apart from all others which are proposed by the court," and if answered in the affirmative disposes of the case and the complaint breaks down; and then to submit other questions, stating that they were "prepared by the court" without the instance of either party, and they need not be answered if they answer the first in the affirmative, *held* to be prejudicial to the defendant, and to constitute reversible error.

2. For the court, in such case, to comment at great length upon the evidence bearing on the first question so submitted, and to draw conclusions and inferences from fragments of the testimony, *held* well calculated to prejudice the jury.

3. In an action upon an oral contract claimed by the defendant to be within the statute of frauds because not to be performed within one year, a written memorandum of agreement prepared by the plaintiff and submitted by him to the defendant for his signature but never signed, *held* admissible in evidence upon that question.

4. Where, in an action upon an oral contract, the evidence was conflicting as to the terms of the contract in respect to the time for

performance, *held*, that it was error for the court to hold that, as a matter of law, the contract might have been performed within one year, and was not therefore within the statute of frauds.

5. An oral agreement is void by the statute of frauds if, by its terms, it cannot be performed within one year from the time when it was made. Otherwise if, by its terms, it may be performed within such year. ·

6. Where the defendant, in an action on a contract for the erection of a monument for a specified price, had refused to continue performance after the plaintiff had performed in part, the latter was entitled to recover for loss of profits; and it was error to deduct from the contract price the value of the model remaining in the plaintiff's hands at the time of such refusal.

7. The defendant in such an action cannot claim therein the benefit of any appropriation or conversion of his property by the plaintiff to his own use unless he pleads it by way of recoupment or counterclaim.

8. In a case where both parties appealed, and the judgment was reversed and a new trial ordered, it appearing that the errors against the defendant went to the merits of the case, while those against the plaintiff did not, the defendant was allowed costs and disbursements in the supreme court.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The complaint alleges, in effect, the following facts: On February 23, 1891, the defendant cabled to the plaintiff, requesting him to come at once to Milwaukee for the purpose of preparing and submitting to him a model for a soldiers' monument, to be erected at such place in Milwaukee as the defendant should designate. The plaintiff, in pursuance of such request, prepared and submitted designs for such a monument. At the suggestion of the defendant an advisory committee was selected, of which he was chairman, and the defendant, with the committee, approved of the designs so prepared by the plaintiff. On May 25, 1891, the defendant made and entered into a contract with the plaintiff whereby the plaintiff agreed to make and complete for the defendant a soldiers' monument, consisting of four figures in bronze, and a suitable pedestal of stone, and, when completed, to

erect the same at such place in Milwaukee as should thereafter be designated by the defendant,— which monument should correspond to such model theretofore examined and approved. The contract also provided that the plaintiff should commence and continue work thereon until he should have it fully completed to the satisfaction of the committee, together with the pedestal of stone, upon which the bronze figures were to be placed, satisfactory to the committee; and the defendant, in consideration thereof, promised and agreed to pay the plaintiff the sum of $25,000 for such work, when completed to the satisfaction of the committee, and placed in position in Milwaukee; and he further agreed to advance, from time to time, such sums of money as might be needed by the plaintiff to pay his expenses as he progressed with the work. The plaintiff, in July, 1891, entered upon the performance of the contract. As the work progressed, and as he needed money to defray expenses, the defendant advanced and paid to the plaintiff thereon, in all, $5,511. The plaintiff proceeded with the work with due diligence, and gave his exclusive time and thought thereto, and completed a half-size model of the same, ready for shipment to Milwaukee. The plaintiff has been ready and willing to perform his part of the contract, but the defendant had refused to perform his part thereof, or allow the plaintiff to proceed with the performance of his part of the contract. Judgment was demanded for $18,000.

The defendant answered by way of admissions and denials, and alleged, in effect, that neither the defendant, nor any person authorized by him, ever made or subscribed any contract or agreement or note or memorandum thereof, in writing, with the plaintiff, for the making or completion of a soldiers' monument, or any other monument, of any kind or description whatever, or for a suitable or any pedestal to such monument, or for the erection of any monument in Milwaukee or elsewhere; that the only agreement which

the defendant ever made with the plaintiff, relating to a soldiers' monument and pedestal to be erected in Milwaukee or any other place, was oral, and by its terms was not to be performed within one year from the making thereof.

At the close of the trial the jury returned a verdict to the effect (1) that it was not the agreement of the parties that the defendant should pay the plaintiff the cost of the construction of the monument, not to exceed $25,000; (2) that the defendant, at the time of ordering the designing and construction of the monument in question, did agree to pay for the same the sum of $25,000; (3) that it would have cost the plaintiff, to have finished and put in place the monument originally contracted for, including the pedestal thereof, $11,600; (4) that the pecuniary value to the plaintiff of the plaster cast made and retained by him, after deducting the expenses incurred by him on account thereof, after he had been notified not to proceed with the contract, except to the extent that might be necessary for the preservation of any work capable of being preserved or used thereafter, was $684.

Upon such verdict the court ordered judgment in favor of the plaintiff and against the defendant for $7,195, with interest thereon from the time of the commencement of this action, and judgment was entered thereon accordingly. From that judgment, and the whole thereof, both parties appeal to this court.

For the appellant there was a brief by *Fish & Cary*, and oral argument by *John T. Fish*. They argued, *inter alia*, that the unsigned memorandum of agreement did not express the contract as understood by either party and was not supported by any oral testimony, and it was not admissible as substantive evidence. *Hazer v. Streich*, 92 Wis. 505; *Grand Rapids Chair Co. v. Lyon*, 73 Mich. 438; *Vastbinder v. Metcalf*, 3 Ala. 100. The contract sued on was by the manifest understanding of the parties not to be performed

Conway vs. Mitchell.

within one year. This is shown by the testimony, and the court erred in holding as matter of law that it was not within the statute of frauds. *Birch v. Earl of Liverpool,* 9 Barn. & C. 392; *Hinckley v. Southgate,* 11 Vt. 428, and cases cited by the court.

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *George H. Noyes.*

CASSODAY, C. J. 1. It appears that the defendant requested the court to direct the jury to find a special verdict as required by the statute. That statute made it the imperative duty of the court to prepare such verdict "in the form of questions, in writing, relating only to material issues of fact and admitting a direct answer." R. S. sec. 2858. The counsel for the plaintiff propounded five questions to be submitted, including questions as to whether the work was to be done "at an agreed price," and, if so, the amount. The court prepared and submitted the second, third, and fourth questions, referred to in the foregoing statement, but failed to prepare any question upon the subject embodied in the first question so submitted. Thereupon counsel for the defendant asked the court to submit to the jury this question: "Was it the agreement of the parties that the defendant should pay to the plaintiff the cost of the construction of the monument, not to exceed $25,000?" The court did submit that as the first question to the jury, with the following words immediately preceding: "*Propounded by counsel for the defendant.*" The substance of the question and answer of the jury thereto is given in the statement. In submitting that question to the jury, the court, among other things, charged the jury that: "The first interrogatory which is proposed to you is proposed at the instance of the defendant. It stands apart from all others, which are proposed by the court; and, if it be answered in the affirmative, it disposes of the case, and it will not be necessary, in that event,

to answer any other interrogatory. . . . The complaint in this case goes upon a contract to pay $25,000, and if it turns out that the contract was not to pay $25,000, but a sum not to exceed $25,000, as you can see, the complaint breaks down, and that will be the end of the case. . . . I come now to the interrogatories which are proposed by the court without the instance of either party, which I find it necessary to submit to you in the event that you answer this first interrogatory in the negative. If you answer it in the affirmative, you need go no further, as you will see by the very form of the next interrogatory." The three questions so submitted by the court on its own motion were accompanied by these words written on the margin: "*Propounded by the court.*" There was certainly plenty of evidence to support an affirmative answer to the question so requested by the defendant's counsel. The defendant repeatedly testified to the effect that he never agreed to pay any specific sum, but did promise orally to expend not to exceed $25,000. The plaintiff's witness Bell corroborates him in this respect. We are clearly of the opinion that the defendant was prejudiced in the submission of the question so requested by his counsel; and that, within the rulings of this court, it was reversible error. *Ryan v. Rockford Ins. Co.* 77 Wis. 611; *Chopin v. Badger Paper Co.* 83 Wis. 192; *Reed v. Madison,* 85 Wis. 667.

2. Besides, the second question submitted to the jury, and the instructions of the court thereon, were well calculated to influence the jury to answer the first question as they did. That question was as to whether the defendant agreed to pay the sum of $20,000 or $25,000. This implied that he must have agreed to pay one sum or the other, if they answered the first question in the negative. We find no evidence that the defendant did agree to pay $20,000. As indicated, he repeatedly denies having agreed to pay any specific sum. The charge on that question covers nearly

Conway vs. Mitchell.

three pages of the printed case, commenting upon, and draw-
ing certain conclusions and inferences from, certain frag-
ments of the testimony, but refers to nothing indicating that
the defendant agreed to pay just $20,000. The nearest ap-
proach to it is that in figuring up the expense the plaint-
iff gave to the defendant certain estimates, and that, as
stated by the court, "strangely enough, they foot up exactly
$20,000." Such comments were well calculated to prejudice
the defense before the jury. They are mentioned merely to
prevent a repetition.

3. Upon the plaintiff's theory of the case, we think there
was no error in admitting in evidence the written memoran-
dum of agreement, prepared by the plaintiff and submitted
to the defendant for his signature, but which was never
signed. If that memorandum correctly states the oral agree-
ment between the parties, then, very obviously, the case does
not come within the statute of frauds alleged in the answer.

4. That statute declares, in effect, that "every agreement
that by its terms is not to be performed within one year
from the making thereof," "shall be void, unless such agree-
ment, or some note or memorandum thereof, expressing the
consideration, be in writing, and subscribed by the party
charged therewith." R. S. sec. 2307, subd. 1. The answer,
in effect, alleges that the only agreement the defendant ever
made with the plaintiff, relating to such monument, was an
oral agreement, which, "by its *terms*, was not to be per-
formed within one year from the making thereof." The
complaint alleges, and both parties concede, that, whatever
may have been the oral agreement between them, it was
made in May, 1891. The plaintiff testified to the effect that
before the defendant gave him the $1,000 check the defend-
ant asked him how the work would be carried on; that he
explained to the defendant that he would first make a half-
size model; that it was generally understood that he would
not have the half-size model completed "sooner than to have

Conway vs. Mitchell.

it exhibited, if possible, at the World's Fair," February, 1893; that he then estimated that he would be occupied in making the half-size model eighteen months; that he estimated the expenses likely to be incurred while working upon the half-size model during eighteen months; that he could not, by his own labor alone, have finished the half-size model in eighteen months, but that it was possible to have finished it in much less time by employing assistance; that in fact it took more than eighteen months to complete the half-size model; that he then gave the defendant his estimates of the expenses for the first stage of the work,— the completion of the half-size model,— in eighteen months, at $5,500, and for the second stage of the work, at eighteen months after the completion of the half-size model, at $4,000; also, $3,500 for other expenses, $5,500 for pedestal, and $1,500 for transportation. These several estimates amount, in the aggregate, to $20,000, and presumably are the same estimates mentioned by the trial judge. The plaintiff's witness Bell testified to the effect that it was understood by the parties that the half-size model would be completed for exhibition at the World's Fair in 1893; that that was designated as the first stage of the work, and that it would take eighteen months to complete it. December 25, 1892, the defendant wrote to the plaintiff, then in Rome, that it was expected that the half-size group would "be ready for exhibition at the World's Fair." The defendant testified, in effect, to the plaintiff's estimates mentioned; that it was understood that the half-size model "would be ready for exhibition at the World's Fair, Chicago, in 1893;" that it was to take eighteen months to complete that model; that that was regarded the first stage of the work, and eighteen months after the completion of the half-size model the full-sized statue was to be completed and ready for shipment.

Upon such evidence, we do not think that the trial court was justified in holding, as a matter of law, that the contract

Conway vs. Mitchell.

might have been "performed within one year *from the making thereof*." Of course, it is well settled that if an agreement, *by its terms, may* be performed within a year from the time it is made, then it is not within the statute. Such are the uniform holdings of this court, as indicated in the cases cited by counsel for the plaintiff. *Rogers v. Brightman*, 10 Wis. 55; *White v. Hanchett*, 21 Wis. 415; *Jilson v. Gilbert*, 26 Wis. 637; *Treat v. Hiles*, 68 Wis. 344. But the statute is imperative that every parol agreement which "by its terms is not to be performed within one year from the making thereof" is void. Whenever a parol agreement, "by its terms," comes within this statute, courts have no discretion, but must declare the law. Thus, a parol contract for services for a period longer than one year from the time of making the contract is void. *Cohen v. Stein*, 61 Wis. 508; *Salb v. Campbell*, 65 Wis. 405. It was held by the king's bench, nearly a century ago, that if it appear to have been the understanding of the parties to a parol contract, at the time it was made, that it was not to be completed within a year, though it might be, and was in fact, partly performed within that time, still it would be within the statute and void. *Boydell v. Drummond*, 11 East, 142. That case was followed in *Bracegirdle v. Heald*, 1 Barn. & Ald. 722, where it was held that a parol contract for a year's service, to commence at a subsequent day, was within the statute and void. In that case Lord ELLENBOROUGH, C. J., said: "If we were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop; for, in point of reason, an excess of twenty years will equally not be within the act. Such difficulties rather turn upon the policy than upon the construction of the statute." That was followed in *Snelling v. Lord Huntingfield*, 1 Cromp., M. & R. 20, in the court of exchequer, and was again followed in a late case in the court of appeals. *Britain v. Rossiter*, 11 Q. B. Div. 123. To the

Conway vs. Mitchell.

same effect, *Comes v. Lamson*, 16 Conn. 246; *Broadwell v. Getman*, 2 Denio, 87; *Shipley v. Patton's Adm'r*, 21 Ind. 169; *Sharp v. Rhiel*, 55 Mo. 97; *Kleeman v. Collins*, 9 Bush, 460; *Dickson v. Frisbee*, 52 Ala. 165; *Hearne v. Chadbourne*, 65 Me. 302; *Sutcliffe v. Atlantic Mills*, 13 R. I. 480. In the case at bar the terms of the parol contract are in dispute, and hence uncertain. Until the terms of such contract are determined as a matter of fact, it is impossible to say as a matter of law whether it does or does not come within the statute. In holding, as a matter of law, that the case did not come within the statute, the court necessarily held that there was not sufficient evidence to take the case to the jury as to whether the terms of the oral agreement were such as not to be performed within one year from the making thereof. Such ruling was erroneous.

5. If the oral contract was for a specified sum and was not within the statute, as claimed by the plaintiff, then the plaintiff was entitled to damages for his loss of profits on the contract by reason of the defendant's failure to perform; and, upon that theory of the case, it was error to deduct from the contract price the $684 found in the fourth finding of the jury. *Walsh v. Myers*, 92 Wis. 397. If, in any view of the case, the defendant desired to claim in this action the benefit of any appropriation or conversion (if any) of his property by the plaintiff to his own use, he should have alleged such claim by way of recoupment or counterclaim. This he failed to do.

For the several errors mentioned, the judgment of the circuit court must be reversed, and the cause remanded for a new trial. In view of the fact that the errors against the defendant go to the merits of the whole case, and that the error against the plaintiff is merely incidental to his side of the case, the defendant must be allowed to tax full costs and disbursements in this court against the plaintiff.

*By the Court.*— Ordered accordingly.