BAUMGARTEN and others, Appellants, vs. COHN, Respondent.

*December 10, 1909—January 11, 1910.*

*Statute of frauds: Oral lease for one year to take effect in future: Validity: Statutes construed.*

1. An oral lease of land for one year, to take effect in the future, is valid.
2. Such a lease is not within the terms of sec. 2304, Stats. (1898), which declares void every oral contract for the leasing of lands for a longer period than one year; nor is it governed by sec. 2307, which declares void every oral agreement that by its terms is not to be performed within one year from the making thereof,— the latter section being a part of ch. 105, entitled "Of fraudulent conveyances and contracts *relating to personalty.*"
3. Even though a lease of land for one year be a chattel real and do not convey any interest in real property, it is nevertheless a contract "relating to real estate," within the meaning of the title to ch. 104, Stats. (1898), which includes said sec. 2304.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

*C. A. Koeffler, Jr.,* for the appellants.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

BARNES, J.    This case involves the question whether a parol lease of a building for a period of one year, to take effect in the future, is valid.

Sec. 2304, Stats. (1898), makes void every parol contract for the leasing of lands for a longer period than one year. This section does not prevent leases being made for a period of one year when the term is to commence at some future date.

Subd. 1, sec. 2307, Stats. (1898), makes every agreement void that by its terms is not to be performed within one year from the making thereof, unless embodied in some written note or memorandum, which must express the consideration and be subscribed by the party charged. If this provision is applicable to a parol lease, then the lease involved in this action is void. *Chase v. Hinkley,* 126 Wis. 75, 105 N. W. 230; *Draheim v. Evison,* 112 Wis. 27, 87 N. W. 795; *Conway v. Mitchell,* 97 Wis. 290, 298, 72 N. W. 752, and cases cited.

The statutes of frauds in most, if not all, of the American states are based on Stat. 29 Car. II, which was entitled "An act for prevention of frauds and perjuries." By sec. 1 of that act it was provided that all leases not in writing should have the effect of leases at will only. Sec. 2 created an exception in favor of certain parol leases for a term not exceeding three years from the making thereof. Sec. 4 contained substantially the same provisions that are found in sec. 2307 of our statutes.

It is clear that, under the express terms of the statute referred to, a parol lease for a period of three years to take effect

in the future would be void. However, leases in parol for a
term of three years from the date upon which they were made
were held valid notwithstanding the subsequent provision in
the statute declaring that no action should be brought on any
parol agreement that was not to be performed within one year
from the making thereof. It is evident, therefore, that the
provision last referred to was not regarded as having any ap-
plication to parol leases. *Rawlins v. Turner,* 1 Raym. 736;
*Ryley v. Hicks,* 1 Strange, 651; *Tress v. Savage,* 4 E. & B.
36; *Inman v. Stamp,* 1 Starkie, 12. In the latter case it was
held that part performance would take an invalid verbal lease
out of the statute.

The decisions of the courts of this country are far from
being harmonious on the subject. By many of the state stat-
utes parol leases for a longer period than one year are declared
void. In other respects the statutes are, for the purposes of
this case, substantially similar to the English statute. In
some of the states the two provisions referred to are found in
a single section or chapter of the statutes. Such chapters are
usually headed or entitled "Frauds and Perjuries," "Frauds,"
"Prevention of Frauds and Perjuries," or "Contracts." In
most of the states where the provisions are so found, it is held
that a parol lease for a period of one year, to take effect in the
future, is void; the courts taking the view that a lease, like any
other contract, in order to be valid must be capable of perform-
ance within a period of one year from the time it is made. It
is so held in *Wolf v. Dozer,* 22 Kan. 436; *Johnson v. Albert-
son,* 51 Minn. 333, 335, 53 N. W. 642; *Roberts v. Tennell,* 3
T. B. Mon. 247; *Briar v. Robertson,* 19 Mo. App. 66;
*Wheeler v. Frankenthal,* 78 Ill. 124; *Comstock v. Ward,* 22
Ill. 248; *White v. Holland,* 17 Oreg. 3, 3 Pac. 573. Owing
either to differences in statutes involved or in facts presented,
the cases which respondent cites from Nebraska, Pennsyl-
vania, Connecticut, and Washington have no bearing on the
point before us for consideration. Some reliance is placed by

respondent on the case of *Delano v. Montague,* 4 Cush. 42. We are unable to find any statute of Massachusetts existing at the time this case was decided which at all corresponds with our sec. 2304 in so far as it deals with parol leases. There was no exception in favor of such leases in the Massachusetts statute when *Delano v. Montague* was decided.

Ch. 7 of part II, R. S. 1829, of the state of New York (vol. 2), was entitled "Of fraudulent conveyances and contracts, relative to real and personal property." The matters covered by the chapter were placed under three distinct titles. Title I was headed "Of fraudulent conveyances and contracts, relative to lands." Its provisions are substantially the same as those found in ch. 104 of our statutes. Title II was headed "Of fraudulent conveyances and contracts, relative to goods, chattels, and things in action." Subd. 1 of sec. 2 under this title made every agreement void that by its terms was not to be performed within one year from the making thereof. Title III was headed "General provisions," and treated of contracts relating to both species of property.

The New York court of appeals has uniformly held that the provision of subd. 1, sec. 2, tit. II, ch. 7, part II (1st ed.) R. S. 1829, rendering parol contracts void which by their terms are not to be performed within one year, had no application to parol leases, and that a verbal lease for a period of one year, to take effect in the future, was valid on the ground that the statutory provision did not apply or extend to contracts pertaining to real estate. *Young v. Dake,* 5 N. Y. 463; *Trull v. Granger,* 8 N. Y. 115; *Becar v. Flues,* 64 N. Y. 518; *Ward v. Hasbrouck,* 169 N. Y. 407, 419, 62 N. E. 434. Under a substantially like arrangement of similar statutory provisions, the states of Michigan and Indiana have followed the New York rule. *Whiting v. Ohlert,* 52 Mich. 462, 18 N. W. 219; *Waldo v. Jacobs,* 152 Mich. 425, 430, 431, 116 N. W. 371; *Hand v. Osgood,* 107 Mich. 55, 56, 64 N. W. 867; *Huffman v. Starks,* 31 Ind. 474. And in Iowa and Colorado, where the two statutory provisions are found under a common heading in a sin-

gle chapter, it is held that a parol lease for a term of one year, to commence at a future date, is valid. *Sobey v. Brisbee,* 20 Iowa, 105; *Jones v. Marcy,* 49 Iowa, 188; *Sears v. Smith,* 3 Colo. 287, 290, 291. In a case in which the question was not directly involved this court said: "It has been held that a parol lease of lands for the term of one year, to commence at a period subsequent to the day when the contract is made, is valid." *Brown v. Kayser,* 60 Wis. 1, 12, 18 N. W. 523, 527. The New York and Michigan decisions are cited in support of the proposition.

Our statute of frauds is modeled after that of New York. Ch. 104, Stats. (1898), in which sec. 2304 is found, is entitled "Of fraudulent conveyances and contracts relating to real estate." Ch. 105, which embodies sec. 2307, is entitled "Of fraudulent conveyances and contracts relating to personalty." And ch. 106 treats "Of general provisions relating to fraudulent conveyances and contracts."

The title to a chapter of our statutes is not ordinarily a safe guide to follow in interpreting the meaning or scope of a statute found thereunder. *Pulis v. Dearing,* 7 Wis. 221; *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451. But the division and classification of the provisions found in the English statute of frauds, which have been made in New York and in our own state, are strongly suggestive of a legislative intent not to extend the application of subd. 1 of sec. 2307 to parol leases. The New York cases cited were not decided until after our statute of frauds was enacted, so it cannot be said that when we adopted the statute we adopted the construction placed thereon by the decisions cited. But, New York having made the original departure in its compilation, the decisions of its courts in determining the effect of such departure are entitled to great weight, and this court in *Brown v. Kayser, supra,* impliedly at least, expresses approbation of such decisions. It would seem to be reasonably clear that, when our legislature excepted from the operation of the statute leases made for a period of one year, it meant just what it said. One year is a very usual

period for leases to run. Possession thereunder is rarely contemporaneous with the agreement itself. To say that such a lease may not take effect in the future is almost equivalent to saying that parol leases for one year cannot be made, because the instances are rare when the lessee does or can take immediate possession. The provision of sec. 2307 under discussion is of the most general character. It is found in a chapter which, as before stated, purports to deal only with contracts relating to personalty. A parol lease for a period of one year is aptly and specifically provided for in a chapter dealing with contracts pertaining to real estate, and without any attempt to limit the operation of the statute to leases that are to be performed within one year from the date upon which they are made. The authorities, with the possible exception of the Oregon court, as far as we have been able to discover, are unanimous in holding that under such an arrangement of the two provisions as is found in our statutes that contained in sec. 2307 has no application to a parol lease, and the logic of the situation would seem to demand that this court adhere to what was said in *Brown v. Kayser, supra,* and approve of the decisions of the state which we have used as a model in arranging the statutory provisions in question.

It was suggested on the oral argument that a lease for a term of one year is a chattel real (sec. 2029, Stats. 1898), and that the contract in question did not convey any interest in real estate and should therefore be treated as one relating to personalty (subd. 3, sec. 4972, Stats. 1898). The position is not tenable. The contract relates to real estate, and ch. 104, Stats. (1898), deals with such contracts whether they actually convey an interest in real property or not. Sec. 2304, Stats. (1898), specifically covers contracts for leasing or selling any lands or any interest therein.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.