Foley v. Marsch, 162 Wis. 25.

Foley, Respondent, vs. Marsch, Appellant.

*October 29, 1915—January 11, 1916.*

*Contracts: Statute of frauds: Possible performance within a year: Modification by oral agreement: Prior breach: Counterclaim: Mutuality: Rental value of appliances: Special verdict: Certainty in finding: Instructions to jury: Appeal: Harmless errors.*

1. An agreement is not within sub. (1), sec. 2307, Stats. 1913, if by its terms it may be performed within one year from the making thereof.
2. Where a written contract was not required by the statute of frauds to be in writing, its terms might be modified, after it had taken effect, by oral agreement, without any new consideration.
3. Where by oral modification of a written contract for the performance of certain work defendant had agreed to pay plaintiff the full reasonable value of all work done by the latter, there remained no basis for a counterclaim for breach by plaintiff of the original contract, and the question whether that contract was so lacking in mutuality that there could be no counterclaim thereon is immaterial.
4. Under the evidence in this case, tending to show, among other things, that the parties did not contemplate that full rental value should be charged for a steam shovel and other appliances furnished by defendant for use by plaintiff in doing railroad construction work as a subcontractor of defendant, that the shovel was old and worn, and that some of the other appliances could not be used for the work, it is *held* that the jury were properly instructed that the reasonable value of the use plaintiff had of the appliances in doing the work might be allowed to defendant, and that defendant was not entitled to a peremptory instruction directing the jury to allow the rental value of the appliances at the amount fixed by defendant's opinion evidence.
5. Where the evidence permitted only the inference that a contract was modified, if at all, on July 5th, a finding in a special verdict that it was modified "on or about July 5th" was not fatally indefinite or uncertain. It must be presumed that the jury agreed on their answer and based it on the evidence.
6. Where the answers to certain questions in a special verdict entitle plaintiff to judgment without regard to the answer to another question, any alleged error in the instruction with respect to such other question is wholly immaterial.

Appeal from a judgment of the circuit court for Milwaukee county: Chester A. Fowler, Judge. *Affirmed.*

This is an action to recover on an alleged agreement made by an oral modification of a written contract entered into between the defendant, as the principal grading contractor for the Milwaukee, Sparta & Northwestern Railroad, and the plaintiff as a subcontractor.

The defendant, *Marsch,* is a general railroad contractor and in December, 1909, contracted with the Milwaukee, Sparta & Northwestern Railroad to construct about fifty-three miles of new railroad between the city of Milwaukee and Clyman Junction in this state. The contract was for the complete construction of the road from grading to track laying and ballasting. In March, 1910, the plaintiff negotiated with defendant to subcontract for some of the construction work covered by defendant's contract with the railroad company. In company with defendant's superintendent plaintiff drove along roads parallel to the proposed railroad right of way, and at various places walked over and examined the character of the ground and material in connection with the engineer's profile of the proposed road, showing cuts and fills and engineers' estimates of quantities of material to be moved and classification of the material in earth, rock, and loose rock, etc., and the estimated quantities of each. About March 21, 1910, plaintiff and defendant made a preliminary agreement by which plaintiff was to undertake as defendant's subcontractor to do a part of the work, stating the amount of work by station numbers specified in *Marsch's* contract with the railroad company and fixing the price of the work. On April 5, 1910, plaintiff and defendant signed a written contract containing the terms and conditions on which plaintiff undertook the work, a description thereof, together with the prices plaintiff was to receive for the different parts of the work, and referring to the principal contract between defendant and the railroad company. It was required by the plaintiff's contract that the work of construction assumed by

him be done in accordance with the specifications of the railroad company under the principal contract with *Marsch* and to the satisfaction of the railroad company's chief engineer, whose classification, measurements, and calculations respecting boundaries of excavations were to be final and conclusive. The contract also provided "that the said work shall be begun by the said contractor on or before the 10th of April, 1910, and shall be completed as follows: Sta. 1914 to Sta. 1990, July 31, 1911, and Sta. 1990 to Sta. 2300 and 'Y's' on or before November 1, 1910, time of commencement, completion, and rate of progress being of the essence of this contract." The contract also contains the following:

"It is further agreed that the said principal shall have the right to cancel and terminate this contract at any time with or without notice to the contractor, without liability by the principal for damages therefor, and thereupon any amount, then unpaid for work theretofore done by said contractor at the prices herein provided, shall be paid upon the estimate of said chief engineer, showing quantity of work done to the date of such canceling of this agreement, and upon such payment being made or tendered, all liability of the principal under this contract shall cease and determine, and in no case shall the principal be held further nor otherwise than herein stated, nor shall any claim for prospective profits on the work not done be made, allowed, or paid for. Upon the cancellation of this contract for any cause, the said contractor hereby agrees to immediately relinquish possession of such work and of the materials procured therefor by the contractor and place the same in the hands of the said principal, in such a manner as will enable him to complete the work without hindrance or delay, and said principal shall have the right to re-enter, expel, and remove therefrom the said second party or any person or persons acting in his behalf, using such force and means as may be considered by him necessary for the purpose, without any claim on the part of the contractor for damages therefor in any way."

Plaintiff moved onto the work in April and began the grading work in May. He secured Dugan & Naylon as sub-

contractors to do a part of the work. During the months of May and June the work progressed slowly. The plaintiff testified that in the latter part of June he discovered that he could not perform the work at the contract price, and on July 5, 1910, called on the defendant at his office in the city of Milwaukee and stated to him that he could not perform his contract in view of the material he encountered which required removal and for want of financial means and a proper outfit to do the work, and that according to the engineer's estimate of the work done he had lost $2,500 and that he wanted to give it up and stand his losses to date. He also testified that the defendant then and there told him that if he would complete the work he and Dugan & Naylon had started defendant would supply him with a steam shovel, ties, cars, and rails free of charge and would pay him what this work was worth and would guarantee plaintiff against loss; and that relying on this promise of defendant he went back to Clyman and continued the work that he had begun and the work that Dugan & Naylon had begun; that *Marsch* sent him a steam shovel to use in his work July 25th and later the ties, rails, and cars. Plaintiff continued on the job and completed this work by June 1, 1911. The defendant denies that the plaintiff had this alleged interview with him or any conversation at any time to this effect as claimed by plaintiff, and denies every alleged modification of the original written contract with the plaintiff.

The court submitted this issue between the parties to a jury, who found by special verdict that plaintiff and defendant on or about July 5, 1910, agreed that plaintiff was to complete the work he and his subcontractors were then on and that defendant would pay plaintiff what such work was reasonably worth, and that defendant guarantied plaintiff against loss in doing this work, and that this modified agreement applied to the entire work that plaintiff did on the job. The jury also found that the reasonable value of plaintiff's

work was forty cents per yard; that the entire amount of plaintiff's work amounted to $47,608; and that the reasonable value of the use to plaintiff in doing his work of the steam shovel and other equipment furnished by defendant amounted to $1,220.

The court directed judgment in plaintiff's favor for the balance due plaintiff for the work done after allowing defendant credit for payments made on account and the $1,220, the value of the use of defendant's implements by the plaintiff, amounting to $18,531.73, with interest from October 26, 1911, and plaintiff's costs and disbursements, making a total of $22,129.26. From such judgment this appeal is taken.

For the appellant there was a brief by *Miller, Mack & Fairchild,* attorneys, and *Louis E. Hart,* of counsel, and oral argument by *Mr. James B. Blake* and *Mr. Hart.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *C. F. Fawsett.*

The following opinion was filed November 16, 1915:

SIEBECKER, J. 1. It is contended that the court erred in admitting parol evidence tending to show that the original written agreement between plaintiff and defendant had been modified by an oral contract on July 5, 1910, as alleged by the plaintiff. It is claimed that the original agreement was one within the statute of frauds, sec. 2307, Stats. 1913, providing that "Every agreement that by its terms is not to be performed within one year from the making thereof" shall be void unless in writing. In the early case of *White v. Hanchett,* 21 Wis. 415, 416, it was declared, "The contract to be within the statute must be such that it cannot be performed within a year." In *Conway v. Mitchell,* 97 Wis. 290, 298, 72 N. W. 752, this court refers to the adjudications on this subject and declares: "Of course, it is well settled that if an agreement, by its terms, may be performed within a year from the time it is made, then it is not within the stat-

ute." The trial court held that under the terms of the original contract the entire work might have been completed before the expiration of a year from the making thereof. We find nothing in the contract at variance with this interpretation of the contract. The understanding and intention of the parties as shown by its contents clearly harmonize with the idea that the contract could be fully executed within a year from its date. The contract must therefore be treated as not within the statute of frauds. Under these facts of the case the trial court properly received parol evidence tending to show that the parties at the time alleged made an agreement which modified the written contract. The parties to the contract could by mutual agreement modify it without any new consideration. *Schoblasky v. Rayworth,* 139 Wis. 115, 120 N. W. 822, and cases cited.

2. It is claimed that the evidence does not permit of the inference that the plaintiff and defendant agreed to a modification of the original contract, as found by the jury in response to questions 1 and 2 of the special verdict. An examination of the record satisfactorily shows that the favorable inferences from plaintiff's evidence sustain the findings of the jury. The evidence being in conflict on the subject, the court properly submitted the issue to the jury and their finding cannot be disturbed.

3. In the light of these findings and that the original contract is not one within the statute of frauds, the question whether or not the contract lacks mutuality need not be considered. Under the findings of the jury that by the modified oral agreement defendant agreed to pay plaintiff the full reasonable value of all the work done on the job, there remained no basis for any counterclaim for breach of the original contract and hence no error was committed in refusing to receive evidence on this subject.

4. It is argued that the court erred in its instruction in connection with question No. 5, finding the reasonable value of

the use by plaintiff of defendant's steam shovel and other appliances.　There is evidence by the plaintiff that defendant offered him the use of his implements free of charge, and that the shovel was somewhat old, and that the wagons could not be used in doing the work.　Defendant offered evidence to the effect that the rental value of his appliances was the proper and only basis of the reasonable value of their use and gave the amounts thereof based on the property value of the articles furnished, and claimed the rental value for the time he asserts the articles were in plaintiff's possession. The court held that the jury was not bound by the defendant's opinion evidence as to rental value and that they might reject it in view of plaintiff's evidence that defendant agreed to furnish part of them free of charge and of the worn condition of the shovel, and that under the facts and circumstances the jury was justified in believing that the parties did not contemplate a rental value charge should be made, but that the reasonable value of the use the plaintiff had of them in doing his work might be allowed, and instructed the jury accordingly.　We consider that the court's conclusion and instruction to this effect were proper and correct under the facts and circumstances of the case, and that the defendant was not entitled to a peremptory instruction directing the jury to allow defendant the rental value of the appliances furnished plaintiff and that they must allow the amount fixed by the defendant's evidence.

5. It is argued that the phrase "on or about July 5th" in questions 1 and 2 of the verdict renders the verdict so indefinite and uncertain that it cannot be said that the jury have to a certainty determined the issue involved in these questions.　We do not find this form of framing the questions ambiguous or indefinite.　The questions and answers give a clear and certain finding that the parties made the alleged modification agreement on or about July 5th.　It must be presumed that the jury agreed on their answers and that they

based their answers on the evidence, which permitted only of the inference that the contract was modified July 5th or not at all. The jury found it was so modified.

6. An exception to the instruction given in connection with the sixth question of the verdict is urged upon our attention. The judgment rests upon the first, third, fourth, and fifth findings of the verdict. The answers to these questions entitle the plaintiff to recover without regard to the finding made in response to question 6. The result is that the issue covered by the sixth question and answer is wholly immaterial in determining the rights of the parties and any alleged error in respect thereto could not operate to defendant's prejudice, and hence the exception need not be considered.

7. We have examined the exceptions to the rulings of the court in permitting amendments of the complaint and to the rulings upon rejection of evidence offered by defendant and are satisfied that no prejudicial error was committed by the court in making these rulings.

There is no reversible error in the record, and the court properly awarded judgment on the verdict.

*By the Court.*—The judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 11, 1916.