JACOBS v. J. C. PENNEY CO.
No. 9590.

United States Court of Appeals
Seventh Circuit.
Nov. 10, 1948.

Marshall L. Peterson and Rodney O. Kittelsen, both of Monroe, Wis., for appellant.

Anna O. Blum and Bruce M. Blum, both of Monroe, Wis., and Oscar T. Toebaas and W. L. Jackman, both of Madison, Wis. (Blum & Blum, of Monroe, Wis., and Wilkie Toebaas Hart Kraege & Jackman of Madison, Wis., of counsel), for appellee.

Before SPARKS, Chief Judge, MINTON, Circuit Judge, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff-landlord, a citizen of Wisconsin, brought an action for a declaratory judgment to determine the rights between him and the defendant-tenant, a Delaware corporation, to certain premises in Monroe, Wisconsin. The plaintiff appeals from that part of the judgment holding that the defendant's option for a lease for the period August 1, 1951, to July 31, 1956, is irrevocable because the option was supported by valid consideration. The sole question is whether there is consideration for the claimed option.

On April 20, 1936, the defendant entered into a written lease with the plaintiff's predecessors in title for the rental of the premises in question for a term of five years from August 1, 1936. The lease granted to the defendant an option to extend the term on the same conditions for five more years from August 1, 1941. On February 6, 1941, before the first five year term had expired, the plaintiff's predecessors in title entered into a written agreement with the defendant for an extension of the lease of April 20, 1936, from August 1, 1941, to July 31, 1946, at the same rental. This agreement contained a provision that the defendant might at its election and upon three months' written notice to the plaintiff further extend the term of the lease for an additional five years to and including July 31, 1951, on the same terms and conditions. Except as therein modified, the terms and provisions of the lease of April 20, 1936, continued in force.

The defendant remained in possession and continued to comply with the lease as modified until February 8, 1946. On that date the plaintiff's predecessors in title and the defendant entered into a written agreement offering the defendant two additional five year options to extend the lease of April 20, 1936, as modified and previously extended. The pertinent provisions follow:

"Landlord agrees that Tenant shall have a further option to extend the underlying lease dated the 20th day of April 1936 for a term of five (5) years from July 31st, 1946 upon the same terms and conditions as provided in said lease, which lease designated that the rental shall be $2,100.00 per year, payable in monthly installments of $175.00 per month.

"Landlord further agrees that if Tenant shall have observed and complied with all the terms and conditions of the underlying lease and this extension agreement that Tenant shall have the option to extend said lease for a further period of five (5) years commencing on July 31st, 1951 provided however, that Tenant shall have notified the Landlord in writing on or before the 1st of May, 1951 that it desires to exercise said option, and provided further, that the rent to be paid by Tenant during such extension shall be at the rate of $2,400.00 per year payable in monthly installments of $200.00 per month.

"The lease dated the 20th day of April 1936 by and between Frank E. Millman and Dora E. Millman, and the J. C. Penney Co., and the agreement made and entered into the 6th day of February 1941 by and between Frank E. Millman and Dora E. Millman and the J. C. Penney Co., and this agreement, all pertaining to the same property above mentioned shall be binding upon and extend to the heirs, devisees, legal representatives, successors in interest and assigns of both the said Landlord and said Tenant."

The first option above set forth, concerning the term from August 1, 1946, until July 31, 1951, has been exercised by the defendant and is not here involved. It is the second option, which if exercised by the defendant would extend the lease for a further five year term, from August 1, 1951, to July 31, 1956, which the plaintiff seeks to revoke on the ground that it is not supported by valid consideration.

The agreement of February 8, 1946, we think, constituted a modification of the lease of April 20, 1936, as modified by the agreement of February 6, 1941. Since the agreement of February 8, 1946, was a modification of an executory contract which the parties were performing and in the performance of which neither was in default, the parties might modify their contract at will. The consideration for the original executory contract is imported into and becomes the consideration for the modified contract, and no new or additional consideration is necessary. This seems to be clearly the law in Wisconsin, whose law governs us. Miller v. Stanich, 202 Wis. 539, 544, 230 N.W. 47, 233 N.W. 753; Foley v. Marsch, 162 Wis. 25, 30, 154 N.W. 982; Wisconsin Sulphite Fibre Co. v. D. K. Jeffries Lumber Co., 132 Wis. 1, 11, 111 N.W. 237.

Since there was a consideration for the option for the term 1951 until 1956 contained in the agreement of February 8, 1946, the option could not be withdrawn by the plaintiff. The judgment of the District Court is affirmed.