Clark M. Robertson, of Milwaukee, Wis., Squire R. Ogden, of Louisville, Ky., and H. Maxwell Manzer, of Madison, Wis., for appellant.

John T. Harrington, of Madison, Wis. (Hill, Beckwith & Harrington, of Madison, Wis., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and MINTON, Circuit Judges.

## BROWN–FORMAN DISTILLERS CORPORATION v. NORTHWEST LIQUOR CO., Inc.

### No. 9556.

United States Court of Appeals Seventh Circuit.

Dec. 13, 1948.

MINTON, Circuit Judge.

The plaintiff, a Delaware corporation, sued the defendant, a Wisconsin corporation, for breach of a written contract for the sale of whiskey, entered into between the parties July 8, 1943. The amount in controversy is over $3,000. The defendant filed a motion to dismiss the amended complaint on the ground that it failed to state a claim upon which relief against the defendant could be granted. The District Court sustained the motion to dismiss and dismissed the amended complaint. From this judgment, the plaintiff has appealed.

The contract of sale entered into by the parties was attached to and made a part of the amended complaint. The part of the contract material here is Section II which related to the sale by the plaintiff to the defendant of whiskey in bulk and the right of the defendant thereafter to resell that whiskey. The contract provided that the plaintiff would produce and sell and the defendant would buy over a four-year period "the following amounts of bulk whiskey," setting forth a schedule of barrels of whiskey. By the terms of the contract, bulk whiskey meant barrels of whiskey. The primary object of the contract was to sell to the defendant whiskey produced by the plaintiff, which whiskey the plaintiff, in consideration for certain charges, agreed to bottle for the defendant. The whiskey thus bottled was to be sold by the defendant

in certain named counties in Wisconsin under a brand name of the plaintiff, "Early Times." The contract further provided that as the plaintiff produced the whiskey for the defendant, it would at the end of each fifteen days send to the defendant the negotiable warehouse receipts representing this whiskey, with sight draft attached.

Paragraphs 6, 8, and 9 of Section II of the contract are controlling in this action, and the material parts of these paragraphs are set forth in the margin.[1]

The plaintiff alleged in its amended complaint that it produced 422 barrels of bulk whiskey for the defendant and that "This whiskey was represented by negotiable warehouse receipts issued to the order of defendant as contemplated by Paragraph No. (9) of Section II" of the contract; that thereafter on February 1, 1947, the defendant sold 249 barrels of this whiskey to a company in Cincinnati, Ohio, "by negotiating and transferring to said purchaser the negotiable warehouse receipts therefor"; that the defendant sold this whiskey without first giving the plaintiff the option to repurchase it, as provided in Paragraph 8 of the contract; and that, if the plaintiff had been given this option, it would have repurchased the whiskey in accordance with the terms of the contract. This is the breach for which the plaintiff sues.

The District Court held that the option provision of Paragraph 8 of the contract was a separate and severable provision and was based upon no consideration, and that there was therefore no obligation upon the defendant to offer the plaintiff an opportunity to repurchase the bulk whiskey before selling it to others. In this, we think the District Court erred.

 The contract was an integrated whole, and an indivisible contract, based upon one whole and indivisible consideration; and Paragraph 8 being a part of that whole, indivisible contract, the consideration for the whole contract was the consideration for the option in this paragraph. It is obvious that the plaintiff would not have entered into the contract without this provision, which constituted a limited control upon the marketing of its product by the defendant. The plaintiff in the amended complaint alleges this to be the fact. We think the rule in such cases is correctly stated by James' The Law of Option Contracts, 1916, Section 317, as follows: "It is a rule in the law of contracts that where a contract consists of several distinct and separate stipulations on one side and a legal consideration is stated on the other, it must be considered that the entire contract was in contemplation of the parties and that each particular stipulation formed one of the inducements therefor, and that, therefore, it is supported by the consideration. This rule is particularly applicable to agreements granting options."

See also Traiman v. Rappaport, 3 Cir., 41 F.2d 336, 71 A.L.R. 475.

---

[1] "(6) Such whiskey so produced shall be aged for at least three years in bond and shall be sold by Northwest in the Counties in Wisconsin hereinafter set forth under the Early Times label. Brown-Forman agrees to bottle such whiskey for Northwest under the Early Times label, and Northwest agrees to pay Brown-Forman for such bottling the following charges:

\* \* \* \* \* \*

"(8) In the event of the termination of this agreement for any reason, or in the event Northwest shall at any time decide to sell in bulk the whiskey covered under this agreement, Northwest hereby gives to Brown-Forman an option to repurchase the whiskey to be sold within ten days at a price equal to the amount paid Brown-Forman for such whiskey, plus the sum of eight and one-third tenths of a cent per gallon per month, which is the equivalent of 10 cents per gallon per year.

"(9) It is agreed that the obligations contained in subsections (6) and (8) of this Section II shall be personal obligations of Northwest alone and shall not in any manner affect the negotiability of the warehouse receipts issued to the order of Northwest, or its nominee, by Brown-Forman, any of its subsidiaries, affiliates, or any other warehousemen, Brown-Forman agrees that any pledgee, transferee or purchaser of such warehouse receipts and the whiskey represented thereby, may accept, receive, or take in pledge, sell, assign, transfer and traffic in such warehouse receipts as negotiable instruments and the whiskey represented thereby, without restraint or limitation of any kind or character whatsoever, free and clear of the terms and provisions set forth in this agreement."

In the recent case of Jacobs v. J. C. Penney Co., 7 Cir., 170 F.2d 501, the parties modified a lease which had been previously modified by an agreement providing for two successive options to the tenant. This second modification contract, made while the lease was still executory and unbreached, provided that the tenant be allowed another option. We held that under Wisconsin law the last option was irrevocable, although not supported by additional consideration, since the consideration for the original lease was imported into and became the consideration for the option. If the consideration for the disputed option in the Penney case, namely, the option provided in the second modification agreement, was imported from the original lease, notwithstanding that this option was twice removed from that lease, a fortiori the consideration in the instant case for the whole contract containing the option from the beginning is the consideration for the option.

We have considered not only the ground relied upon by the District Court for dismissal, but also any other ground that it might have had to sustain such dismissal. We can find none. The amended complaint states facts upon which relief might be granted against the defendant, and it was error to sustain the motion to dismiss and to dismiss the amended complaint. The judgment of the District Court is reversed.