### HAND *v.* OSGOOD.

STATUTE OF FRAUDS—PAROL LEASE—BREACH OF CONTRACT.

A parol agreement to lease lands for one year, with the privilege of three, at an annual rental, is void under the statute of frauds, and, if wholly executory, no action can be founded thereon.

Error to Lenawee; Lane, J. Submitted October 23, 1895. Decided November 5, 1895.

*Assumpsit* by Heman Hand against Edmund Osgood for the breach of a parol contract for a lease. From a judgment for plaintiff, defendant brings error. Reversed.

*Patterson & Flynn*, for appellant.

*Wood & Bird* and *Walter C. Burridge*, for appellee.

GRANT, J. Plaintiff instituted this suit to recover damages for the violation of an executory parol agreement that defendant would execute a lease to him of certain lands for one year, with the privilege of three, at the annual rental of $100 per year. The court instructed the jury that, if they found such to be the contract, the plaintiff was entitled to recover as damages the difference between the market value of the lease and what he agreed to pay for it.

It is conceded that, if this was a contract for a lease for a longer period than a year, it is void under the statute of frauds. 2 How. Stat. § 6181. It is settled that such a contract, unexecuted, cannot form the basis of an action or of a defense. *Salb* v. *Campbell*, 65 Wis. 405; *Carney* v. *Mosher*, 97 Mich. 554; *Grimes* v. *Van Vechten*, 20 Mich. 410; *Hall* v. *Soule*, 11 Mich. 494. The contention of the plaintiff is that the contract may be performed within one year, and is therefore good for that period, in support of which he cites *Barton* v. *Gray*, 57 Mich. 634; *Whiting* v. *Ohlert*, 52 Mich. 462; *Blake* v. *Voight*, 134 N. Y. 69.

In *Whiting* v. *Ohlert* the sole question decided was that a parol agreement for a year's lease, to begin in the future, is valid. *Barton* v. *Gray* goes no further than to hold that the statute of frauds does not apply to contracts which leave it uncertain whether they may or may not be performed within a year, or which depend upon a contingency that may happen within the year. *Blake* v. *Voight* holds that a verbal contract which contains an option allowing either party to terminate it within a year is not within the statute, although without the option it would be within the statute.

Neither of these cases is like the present, or affords any light in construing this contract. Counsel for the defendant do not argue the question, but assume that the lease was to be for three years. We have been unable, after considerable search, to find any case involving such a contract, or one which affords us any light. We think, however, upon principle, that it is within the mischief which the statute is designed to prevent. The contract contemplated a lease for three years, and, so far as the defendant is concerned, it is absolute. Plaintiff has not exercised his option, and asked for a contract for a year. He comes into court relying upon a parol contract by which he was entitled to a lease for three years. His case appears to have been tried upon that theory, for his damages were not limited to one year. The defendant could not have complied with the contract by tendering a lease for a year, nor could the plaintiff compel the execution of a lease for a year, because such contracts contemplate the exercise of the option after the execution of the lease. It follows that the agreement is void under the statute, and cannot, therefore, be made the basis for a recovery for a breach of contract.

Judgment reversed, and new trial ordered.

The other Justices concurred.