SMALLEY *v.* MITCHELL.

1. STATUTE OF FRAUDS—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—CONTRACT FOR SUPPORT.

   The provision of the statute of frauds that every agreement that, by its terms, is not to be performed within one year from the making thereof shall be void unless in writing, is not applicable to a contract which may, by any possibility, be performed within the year, although the parties may have intended that it should, and it does in fact, extend over a longer period. So *held* where a daughter orally agreed to pay for the care of her aged father, and to allow the person furnishing the support to occupy lands belonging to her until the services should be paid for.

2. SAME—INTEREST IN LAND.

   An oral agreement by the owner of land with one in possession thereof that, if the latter takes care of the former's father, she can stay on the land until she receives therefrom sufficient to pay her for such care, is invalid, under 2 How. Stat. § 6179, providing that no estate or interest in lands, other than leases for not more than a year, shall be created unless by act or operation of law, or by a written deed or conveyance.

3. ADVERSE POSSESSION—LESSOR AND LESSEE.

   One who goes into possession of land under a lease from the owner, and continues to occupy the position of a lessee, cannot set up an adverse holding against a purchaser from the owner.

4. EJECTMENT—LANDLORD AND TENANT—NOTICE TO QUIT.

   A three months' notice to quit, given by the purchaser of land to one who went into possession under an invalid agreement with the former owner, a sister of the tenant, that the latter could remain in possession until she had received from the land sufficient to pay her for supporting their aged father, is sufficient to entitle the purchaser to recover in ejectment.

Error to Wayne; Donovan, J. Submitted October 7, 1896. Decided November 17, 1896.

Ejectment by Edwin E. Smalley and John E. Tomlinson against Philinda Mitchell and others. From a judgment for defendants, plaintiffs bring error. Reversed.

*James H. Pound*, for appellants.

*Hamilton Baluss*, for appellee Philinda Mitchell.

LONG, C. J. This is an action of ejectment. The lands in controversy were owned by Nancy Winfield, who, in March, 1871, by her last will and testament, conveyed them to Elizabeth Winfield and Sarah Tomlinson, the last named being the daughter of the husband of testatrix, and the other her own daughter. The lands were conveyed by the will to them jointly, and provided that, if either died without issue, the survivor was to take the whole. The parcel consisted of about 37 acres. The testatrix left surviving her several other children, and her husband, Selah Winfield, then advanced in years. Defendants claim that the will was made with the understanding that Sarah Tomlinson and Elizabeth Winfield should support and maintain the husband of testatrix during his life; that, in 1880, Sarah Tomlinson left their father with Philinda Mitchell, who is also a daughter of Selah Winfield and testatrix, and requested her to take care of the father until the next spring; that Philinda was put in possession of the lands in question for that purpose; and that in May, 1881, Elizabeth came, and found her in possession, and said to her, "You stay here on the place, and take care of pa, and you can have your pay, and you can stay here until you get it," and that the property would have to be sold for their father; that Philinda stayed on the premises from that time, taking care of Selah Winfield, until in 1895, when the old gentleman died; that during this time no one pretended to claim possession of the property, and she was left there for fourteen years and one month, in quiet and peaceable possession, though she had caused letters to be written to Elizabeth and Sarah, but heard nothing from them,

as they had moved from there soon after the arrangement was made, in 1881, to different States, Sarah Tomlinson going to Colorado, and Elizabeth, who had married one Mr. White, living in Massachusetts. The plaintiffs claim title through Sarah Tomlinson and Elizabeth Winfield, now Elizabeth White. The deeds of conveyance show a complete title of record in the plaintiffs, each owning an undivided one-half interest in the land. The defendants claim that, by virtue of this parol agreement, Philinda Mitchell has the right of possession until she has received from the lands sufficient to meet the expenses of caring for the father, and that she has a lien upon the lands for such payment, or, at least, that she could not be put out of possession by a three months' notice to quit. The case was tried in the Wayne circuit court before a jury, and verdict and judgment passed in favor of the defendants.

We need not discuss all the questions raised by the assignments of error. Plaintiffs' first contention is that the oral contract is void under the statute of frauds, as it was not to be performed within one year. This point is not well taken. The mere fact that the contract may or may not be performed within the year does not bring it within the statute. The rule is that if, by any possibility, it is capable of being completed within a year, it is not within the statute, though the parties may have intended and thought it probable that it would extend over a longer period, and though it does so extend. Clark, Cont. p. 109, and cases there cited.

In the present case, however, it appears that whatever possessory rights defendant Philinda may have had in the premises were under a contract to care for the father. This part of the agreement had been fully performed at least, as Philinda was left in possession during that period; and the claim that she was to have, under this oral contract, an interest in the land for the payment of her services, cannot be sustained. Section 6179, 2 How. Stat., provides substantially: "No estate or inter-

est in lands, other than leases for a term not exceeding one year, shall hereafter be created, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating the same, or by some person thereunto by him lawfully authorized by writing." No writing is in existence, and the defendants cannot enforce an oral contract to fix and determine any charges which they may claim to have in the premises.

On the trial in the court below, the court seems to have thought there was a question of adverse possession, by which the defendants claim to defeat the plaintiffs' recovery. The defendant Philinda went into possession of the premises under a lease from the plaintiffs' grantor, and continued to occupy the position of a lessee. Whatever rights Sarah Tomlinson and Elizabeth Winfield had in the lands had been conveyed to the plaintiffs, and the defendants could not set up an adverse holding. The court was clearly in error in the charge in relation thereto. The plaintiffs had given the three months' notice to quit, and this was sufficient, under the facts, to entitle them to recover. The court should have so directed the jury.

The judgment below will be reversed, and a new trial awarded.

The other Justices concurred.