DE LAND *v.* HALL.

1. PLEADINGS— VARIANCE—CONTRACT OF EMPLOYMENT—WAGES.
   Where a declaration counted on a contract of employment at $120 per month, and the bill of particulars claimed $90 per month, testimony showing a contract at "going" wages, which were from · $100 to $120 per month, was not a fatal variance.

2. STATUTE OF FRAUDS—CONTRACTS NOT TO BE PERFORMED WITHIN A YEAR.
   An oral contract of employment of a captain of a vessel for the ensuing season, made on the 14th of November, the day after the close of the current season, is one which may be performed within a year, and not within the operation of the statute of frauds, although by custom a season begins on the 1st of April and ends the 5th of December.

3. COMPROMISE VERDICTS—CONTRACTS FOR WAGES—DAMAGES.
   Plaintiff testified that he was employed for a season at the

"going" wages, which were from $100 to $120 per month, and on cross-examination admitted that he had worked the previous season for $70 per month. Defendant's testimony showed that he had been paid $75 per month up to the time he was discharged, and made no claim that he was entitled to more until after his discharge. *Held*, that a verdict awarding damages at the rate of $75 per month would not be set aside as a compromise verdict.

Error to St. Clair; Tappan, J. Submitted June 10, 1903. (Docket No. 71.) Decided September 15, 1903.

*Assumpsit* by Leander S. De Land against Edmund Hall for the breach of a contract of employment. From a judgment for plaintiff, defendant brings error. Affirmed.

*Phillips & Jenks*, for appellant.

*Frederick B. Brown* and *John B. McIlwain*, for appellee.

MOORE, J. This is an action for breach of contract. Defendant was the owner of the tug Argyle, and for a portion of the sailing season of 1899 plaintiff was acting as captain of said tug. At the close of his employment that year, he visited the office of the defendant for the purpose of obtaining wages due, and claims he made a contract with the defendant to act as captain of said vessel for the season of 1900. He became master of said vessel on the 7th of April, 1900, and continued in that capacity until the 16th day of May, when he was discharged. Defendant denies any contract for the season was entered into, and claims plaintiff was engaged at a specific rate of wages per month, under contract made at a later date with defendant's superintendent. The case was tried by a jury, who returned a verdict in favor of the plaintiff for $407.40. A motion was made for a new trial, which motion was overruled. The case is brought here by writ of error.

It is claimed that, because of a variance between the

pleadings and proofs, a verdict should have been directed in favor of defendant.  The declaration alleged that "on November 14, 1899, defendant employed plaintiff to act as master of the tug Argyle for the season of 1900, to wit, a period of nine months, for the sum of $120 per month." The bill of particulars claimed for services from April 7, 1900, to December 12, 1900, at $90 per month.   When the proofs were all in, plaintiff asked leave to amend his bill of particulars.   The judge refused to allow him to do so, and instructed the jury that, because of the bill of particulars, plaintiff could recover not to exceed $90 per month. The testimony on the part of the plaintiff tended to show a hiring for the season of 1900 at the going wages, and that the going wages for vessels like the Argyle were from $100 to $120 a month.   We do not think that there was any such variance as to take any one by surprise, or to mislead him.

It is said, as the contract could not be performed within a year, it comes within 3 Comp. Laws, § 9515.   In the course of the trial, it was agreed between counsel that the meaning of the words "season of navigation"—the generally accepted meaning—is, and also by custom, that the season of navigation begins on the 1st day of April and ends on the 5th of December.   The testimony also discloses that the season closed with the Argyle the year before on the 13th of November, and the contract, if one was made, was made the day thereafter.   We think, in view of this record, it cannot be said it was an "agreement that by its terms is not to be performed in one year from the making thereof," within the meaning of the statute.   See cases in note to statute.   *Smalley* v. *Mitchell*, 110 Mich. 650 (68 N. W. 978).

It is claimed the testimony does not establish a contract for the season.   There was a conflict in the testimony. The jury evidently believed the plaintiff's version of it. If true, it showed a hiring for the season of 1900.

It is said the verdict was contrary to the evidence and the charge of the court; that it should have been either in

favor of defendant, or for a much larger sum, and shows that it was a compromise verdict; citing *Morley* v. *Insurance Co.*, 85 Mich. 210 (48 N. W. 502), and other cases. We do not think the cases cited are controlling. In the *Morley Case* suit was brought upon an insurance policy. If anything was due, it was the sum of $1,533, and interest for three years. The verdict was but $951.29, showing the jury were not governed by the testimony. In the case at bar, it is true, Mr. De Land gave testimony tending to show that the going wages were $100 to $120 a month, but it was drawn out on the cross-examination that he acted as master for the same vessel the fall before at $70 a month, while proof was introduced on the part of the defendant that, up to the time the plaintiff was discharged, he was paid at the rate of $75 a month, and made no claim he was not being paid enough. A computation shows that, after making the proper deductions, the jury computed the wages at $75 a month. Under these circumstances, we do not think it can be said the verdict was not justified by the evidence, nor that the judge abused his discretion in refusing a new trial.

Judgment is affirmed.

The other Justices concurred.