CAPLIS v. MONROE.

FRAUDS, STATUTE OF—LANDLORD AND TENANT—ORAL LEASE UNTIL PREMISES SOLD GOOD FOR A YEAR.
An oral contract to lease premises at a stipulated rental per month until the landlord sold same, under which a month's rent was paid in advance and possession taken, was capable of being fulfilled within a year, in the absence of any understanding to the contrary, and, therefore,

was not void under the statute (3 Comp. Laws 1915, §§ 11975, 11977) but constituted a valid lease for a year.[1]

Error to Wayne; Goff (John H.), J.    Submitted June 11, 1924.    (Docket No. 5.)    Decided October 6, 1924.

Summary proceedings by Mary Caplis against Frederick Monroe, doing business as the Monroe Auto Sales Company, for the possession of leased premises. There was judgment for plaintiff, and defendant appealed to the circuit court.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Reversed.

*Frank C. Golden,* for appellant.

*George A. Kelly, Yerkes, Simons & Goddard,* and *C. Upton Shreve,* for appellee.

STEERE, J.    Mary Caplis owned a vacant lot located on the northeast corner of Woodward avenue and Orchestra place in the city of Detroit.    She had it rented from month to month, for $110 per month, to a man named Fuller who had been conducting a "used car" business on it for a considerable length of time prior to December 1, 1922.    On that date defendant Monroe entered into negotiations with Fuller to buy him out.    A tentative agreement was reached provided plaintiff would accept defendant as a tenant at the same rental with some assurances that he could remain sufficient time to warrant him in making the investment.    They therefore went together to plaintiff's house, took the matter up with her and explained the situation, telling her defendant did not wish to make the investment without some assurances that he could remain a reasonable length of time as business in that line was seasonal, the profits being made during

[1]Frauds, Statute of, 27 C. J. § 98.

the summer months while the winter months "were not any good." In their conversation defendant told her that he was "figuring on spending considerable money in buying the equipment from Mr. Fuller" and he wanted to be sure he could stay long enough to be reasonably safe in putting so much money in the project. After listening to their explanations and proposal she told defendant she would accept him as her tenant at the same rent Fuller was paying her and, as he states, "as long as I paid the rent that I could stay there until she sold the property." Defendant asked if she would be likely to sell it soon and she replied that she thought the property was increasing in value, she was making no effort to sell it and had no sale in view. Defendant accepted the proposition, gave her a check for $110 to cover the ensuing month's rent, closed his deal with Fuller who gave him a bill of sale, took possession of the property and continued the "used car" business established there, regularly paying her the agreed rental monthly in advance up to and including May, 1923, all of which she accepted and kept, at no time intimating to him that she had sold the property or for any reason wished him to vacate it.

On April 30, 1923, the same day defendant paid her the rent in advance for the full month of May, he was served with a 30-day notice to quit and at the expiration of the 30 days proceedings were commenced before a circuit court commissioner of Wayne county to oust him, followed by a judgment in plaintiff's favor. Defendant appealed to the circuit court of said county where the case was tried before a jury. At conclusion of the testimony defendant moved for a directed verdict in his favor under the undisputed testimony on the ground that the lease though oral was followed by possession and possible of performance within a year from the making thereof, while plaintiff moved for a verdict in her favor under the undisputed

testimony, basing said motion on the provision of the statute requiring every agreement for leasing of real estate longer than a period of one year to be in writing.

The court denied defendant's motion and granted that of plaintiff directing a verdict in her favor upon which judgment was entered. Defendant duly excepted to the rulings of the court, assigning error on refusal of his motion for directed verdict and the portion of the charge in which the court said:

"I think the lease that is claimed to have been made in behalf of the defendant was one which was void by the statute providing for the making of leases, that they shall be void unless they are to be performed within a year, or if they are made for more than a year, they are void, and for that reason you may find a verdict in this case against the defendant; the verdict. will be that defendant is guilty of unlawfully with-- holding the premises as charged in the complaint."

It was not shown or claimed that plaintiff had ever sold or offered to sell the property but that an officer of the Peninsular State Bank named Johnson had been handling some of her business affairs for some time and a brother of her's had collected certain of her rents, and Johnson had agreed in her behalf to lease the property to another automobile dealer. After service of the notice upon defendant, which was the first knowledge he had of that transaction, he went with an associate to Mr. Johnson and, as the latter states:

"They asked why I had shut them out, why I didn't consider them; I said I didn't know them;   *   *   * they made no statement as to claiming an oral lease at that time. They made no definite offer for renting this property. I told them the matter was closed."

In making the agreement for possession and use of the property defendant dealt directly and only with the owner of the property and there is no competent

evidence of legal significance that he waived any of his rights under that agreement. The testimony is undisputed that under their agreement he was to have possession of the property at a rental of $110 per month until plaintiff sold the same, or as Fuller states it: "She told him if he would pay the same rent I was paying that he could remain there until she sold the property." The single question before the court is whether the contract of rental, or lease, as made is void under section 11975 or 11977, 3 Comp. Laws 1915, which read as follows:

"(11975) SEC. 6. No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

"(11977) SEC. 8. Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing."

This oral contract of tenancy manifestly was possible of performance within a year from the time it was entered into and performance commenced. Its duration was dependent on the contingency of plaintiff selling the property. There is no suggestion in the case of an understanding between the parties that it was not to be performed within the ensuing year.

The general rule on that subject is stated in 27 C. J. p. 180, as follows:

"An oral agreement, the performance of which is dependent upon the happening of a certain contingency, is not within the statute if the contingency is such as

may occur within one year; and this is true, although the contingency may not in fact happen until after the expiration of the year, and although the parties may not have expected that it would occur within that period.    In order to bring within the prohibition of the statute an oral contract the performance of which is dependent upon a contingency which may or may not happen within a year from the making thereof, it must affirmatively appear either from the express or implied terms of the contract or from the situation of the parties that it was their understanding that it was not to be performed within the year."

*Vide,* also, *Warner* v. *Railway Co.,* 164 U. S. 418 (17 Sup. Ct. 147).

That rule has been several times recognized and applied in this State under varying conditions.    *Barton* v. *Gray,* 57 Mich. 622; *Hand* v. *Osgood,* 107 Mich. 55 (30 L. R. A. 379, 61 Am. St. Rep. 312) ; *Smalley* v. *Mitchell,* 110 Mich. 650; *Durgin* v. *Smith,* 115 Mich. 239; *Thomas* v. *Railroad Co.,* 138 Mich. 50; *Herron* v. *Raupp,* 156 Mich. 162; *Wise* v. *Yunker,* 223 Mich. 208.

In *Smalley* v. *Mitchell, supra,* the court concisely stated the rule as follows:

"The mere fact that the contract may or may not be performed within the year does not bring it within the statute.    The rule is that if by any possibility, it is capable of being completed within a year, it is not within the statute, though the parties may have intended and thought it probable that it would extend over a longer period, and though it does so extend."

For plaintiff the contention is made that the agreement between the parties was not a contract for a lease but an oral lease for an indefinite period and as such violates the provisions of section 11975 which deals with leases; and not being a contract for a lease or future letting section 11977, which deals with contracts for leasing, has no application.    In support of this contention counsel cite the early case of *Tillman*

v. *Fuller*, 13 Mich. 113, and quote therefrom the following:

"Those two sections clearly adopt the well-known common-law distinction between a lease and a contract for a lease.    If the contract constitutes a lease of itself, it can be effected only by the sixth section, above cited; if only a contract for a lease or future letting, it will be governed by the eighth section.    *    *    *
"We think the judge, by not properly distinguishing between a lease and an agreement for a lease, under the statute, erred in holding the agreement void because not in writing,"—

Continuing the sentence the court said:

"It was not an error which operated to the prejudice of the plaintiff, as no judgment in his favor was authorized by the facts found.    This disposes of the case."

In other words this portion of the opinion was not material to the controlling question there involved and decided.    The subject was again touched upon and the *Tillman Case* referred to with approval in *Whiting* v. *Ohlert*, 52 Mich. 462 (50 Am. Rep. 265), where it is said in an opinion by Justice CAMPBELL:

"It is very well settled that a lease may be made to take effect in future, and that the estate does not begin with the contract, but with the future period.    *Young* v. *Dake*, 5 N. Y. 463 (55 Am. Dec. 356); *Trull* v. *Granger*, 8 N. Y. 115; *Wood* v. *Hubbell*, 10 N. Y. 479.    It is held in New York, under a statute corresponding to ours, that an agreement by parol for a future term not exceeding one year is valid, and not within the statute.    *Young* v. *Dake, supra.*    That case is well considered, and is, we think, a fair construction of the statute, which ought not to be given a strained meaning."

That case simply declared the new well-settled rule in this State, following New York decisions, that an oral agreement for a year's lease to begin at a later date is not within the statute of frauds or, as stated

by Justice GRANT in *Hand* v. *Osgood, supra,* which involved the violation of an executory parol agreement to execute a lease:

"In *Whiting* v. *Ohlert,* the sole question decided was that a parol agreement for a year's lease to begin in the future, is valid.    *Barton* v. *Gray (supra),* goes no further than to hold that the statute of frauds does not apply to contracts which leave it uncertain whether they may or may not be performed within a year, or which depend upon a contingency that may happen within the year."

The importance of the distinction pointed out in the *Tillman Case* as applied to the issues which might arise in certain cases is apparent and much technical reasoning upon that subject is to be found in text books on the statute of frauds and cases cited, or available, some of them not entirely in harmony.    (*Vide* notes on the question by Professor Ewell, in 23 Am. Law Reg. [N. S.] 387.)    Abundant discussion of its various aspects will be found in the works of Reed, Browne, Smith, Wood and other authors on that subject, especially the portions referring to leases, in which *Whiting* v. *Ohlert, supra,* is occasionally mentioned.

One of the questions with which the courts are often confronted is whether the agreement under consideration is a lease or only an agreement for a lease as to which we find no definite rule applicable to all cases. On that point it is said in 2 Reed on the Statute of Frauds, § 818:

"It may, however, be stated as generally true that an agreement for a lease will be treated as a present demise when it does not involve the execution of any formal lease, and possession is taken under it.    If, however, the agreement contemplates the execution of some further instrument in order to carry into effect the intention of the parties, it cannot operate as a present demise until such instrument is executed."

228—Mich.—38.

The oral contract of letting in the instant case did not contemplate execution of any instrument to carry it into effect.   An installment of rent was paid when the minds of the parties met on an offer and acceptance, and possession was taken under it.   The contract constituted a concise lease in plain terms of contingent but determinative duration.   That is certain in law which can be made certain.   The specified contingency might occur within the year and there was no understanding that it would not.

It is true as plaintiff's counsel point out that most of the cases cited by defendant to the rule that an oral agreement performance and termination of which is dependent upon the happening of a contingency is not within the statute of frauds if the contingency may occur within the year, relate to other contracts than leasing and were governed by another provision of the statute of frauds relating to contracts.   If so, that provision is of similar import and equally positive. Leases are contracts and the reasoning in those cases equally applicable here.   Under the oral agreement in question defendant was given the possession and use of this lot, creating the relation between the contracting parties of landlord and tenant.   The mere fact that rent was paid monthly did not create a tenancy from month to month at will of plaintiff to be terminated any time by a month's notice.   The undisputed facts as to their negotiations and the agreement on which their minds met show conclusively to the contrary.   The contract was made at the beginning of winter during which the used car business was unprofitable.   Defendant declined to buy out Fuller, who was a tenant from month to month, and invest his money on the bare hazards of such a tenancy.   Plaintiff was fully advised of the situation and their negotiations looked to a longer and surer tenancy.   She declined to tie up the property in a way which would embarrass her selling it if she de-

cided to and a satisfactory opportunity arose, and with assurances that she had no sale in sight, had not offered it for sale and its value was increasing she offered to rent him the property at a stated rental until she sold it.    He accepted the offer and became her tenant under a tenure subject to that contingency. Under section 11975 the oral lease was good for a term not exceeding a year, if not terminated sooner by happening of the contingency she imposed, as it might but did not.    There is nothing in the statute indicating that the fact their contract contemplated a possibly longer period would render it invalid during the year which the statute excepts, and the decisions as to duration of an oral lease for a term of years where possession is given are to the contrary.

Defendant paid the stipulated rent until he received notice to quit and offered to pay it thereafter, which was refused.    His rights under the oral lease ended with the year, and if yet in possession he is holding over without consent of the owner express or implied and subject to eviction.    He is of course holden for rent under the terms of the lease during his occupancy. At the time the summary proceedings under consideration here were instituted he was holding under a valid oral lease the terms of which he had not violated.

The judgment is therefore reversed, with costs to defendant, and a new trial if desired.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.