BARTH *v.* WOMEN'S CITY CLUB.

1. Frauds, Statute of—Lease for Five Years.

   Lease for five years with right to landlord after two and one-half years to cancel on six months' notice created tenancy for five years upon condition, and therefore statute of frauds (3 Comp. Laws 1929, § 13411) requiring it to be in writing is applicable.

2. Same—Surrender of Lease Must Be in Writing.

   Since lease for five years has to be in writing to be valid (3 Comp. Laws 1929, § 13411), surrender of it when the unexpired term is more than a year must also be in writing.

3. Landlord and Tenant—Surrender of Lease—Frauds, Statute of.

   Offer by lessee in letter to lessor to surrender lease in conformity with oral understanding, which was not accepted by lessor, did not constitute valid surrender of lease.

4. Same—Surrender of Tenant's Estate Must be by Tenant in Writing.

   Landlord may not by writing surrender to himself tenant's estate, but surrender, to be valid, must be by tenant in writing.

Error to Kent; Dunham (Major L.), J. Submitted January 14, 1931. (Docket No. 114, Calendar No. 34,489.) Decided June 1, 1931.

Assumpsit by Louis Barth against Women's City Club, a corporation, for rent due under a lease. Judgment for defendant. Plaintiff brings error. Reversed, and new trial granted.

*McAllister & McAllister* and *Steketee & Steketee,* for plaintiff.

On the general rule as to right to surrender written lease by parol, see annotation in 4 A. L. R. 666.

*G. A. Wolf* and *Clare J. Hall,* for defendant.

CLARK, J.   Plaintiff as lessor and defendant as lessee, on November 15, 1924, made and executed in writing a lease of lands in Grand Rapids for a term of five years from and after the date, $150 per month for first two and one-half years and $200 per month for remainder of the term.

On May 1, 1928, the tenant quit the premises and refused to pay rent.   This suit is to recover the monthly installments of May, June, July, and August, 1928, $800 with interest.

The cause was tried to a jury who returned a verdict of no cause of action.   Defendant had judgment.   Plaintiff brings error.

The lease contained a condition that the landlord, at any time after two and one-half years of the term had elapsed, might cancel the lease and recover possession upon six months' notice in writing to the tenant.   In the fall of 1927, the tenant desired to quit the property and to surrender the lease and to acquire other more commodious quarters.   Defendant, by its officers and agents, discussed the matter with plaintiff.   He was willing, if another tenant might be provided.   Western Michigan Motor Club of the city offered to take the property under a lease.   A lease was prepared, signed by the motor club, and presented to plaintiff, who declined to sign, for reasons not here material.   During these negotiations with the motor club and when it appeared that it was to take lease, plaintiff discussed the matter with agents of defendant and the substance and effect of this discussion, as it appears the jury rightly found, was an oral understanding that defendant might surrender the lease as of May 1, 1928.

Plaintiff requested defendant to write a letter respecting the matter. This is the letter:

"November 7, 1927.

"DR. LOUIS BARTH,
"E. Fulton Street,
"Grand Rapids, Michigan.
"Dear Sir:

"In accordance with your request that we submit a written proposition to vacate your property on Guild avenue occupied by the Women's City Club under lease from you, we hereby offer to surrender up the lease and vacate the premises on or before May 1, 1928, whereupon on such surrender our lease shall terminate and be void.

"Please indicate your acceptance of this offer, and oblige,

"Very truly yours,
(Signed by defendant)."

Learning that plaintiff had not concluded lease with the motor club and that he intended to hold it on its lease, defendant, on December 6, 1927, wrote to plaintiff calling attention to the verbal agreement and protesting his change of attitude and insisting the agreement be carried out. On December 9, 1927, defendant replied in part:

"I have received your letters of November 7th and December 6th and am surprised at them. I have at no time agreed to release your club from the lease I hold with it unless I can get a tenant satisfactory in character and willing to pay the rents that your club is bound to pay under its lease."

The decisive question is that there was no surrender in writing as required by the statute of frauds, 3 Comp. Laws 1915, § 11975 (3 Comp. Laws, 1929, § 13411):

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or

power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.''

And therefore the trial judge ought to have directed a verdict for plaintiff.

Defendant contends that because of the condition of the lease permitting the lessor to cancel upon six months' notice, performance within a year was possible and therefore the statute does not apply, citing *Caplis* v. *Monroe,* 228 Mich. 586. The tenancy was for five years upon condition. *Shaw* v. *Hoffman,* 25 Mich. 162. Under 3 Comp. Laws 1915, § 11977 (3 Comp. Laws 1929, § 13413), leases for a longer period than one year are void unless in writing. *In re Reh's Estate,* 196 Mich. 210. As the lease here for five years had to be in writing to be valid, a surrender of it when the unexpired term is more than a year as here, must also be in writing, must be of equal dignity. *Pontiac Nursery Co.* v. *Miller,* 236 Mich. 511; *Range* v. *Davison,* 242 Mich. 73; note, 4 A. L. R. 666; 27 C. J. p. 214.

The surrender urged is of the tenant's estate. Where is the "deed or conveyance in writing" thereof? We find none. Defendant's letter of November 7th is a mere offer and the letter of December 6th not a surrender but a mere protest of plaintiff's change of attitude. No particular form of words is required to constitute a surrender, but clearly there must be more than a mere offer. See 2 Underhill on Landlord and Tenant, p. 1196. It is unnecessary to consider how an acceptance of the offer might have been made and a surrender

effectuated, as the record shows no acceptance, rather a repudiation. See *Wardell* v. *Williams,* 62 Mich. 50; 2 Tiffany, Landlord and Tenant, § 189; 25 R. C. L. p. 675.

It is argued that plaintiff's letter of December 9th, above quoted from, is an admission of the existence of the oral agreement and sufficient to take the case out of the statute.

Plaintiff was not to surrender his reversionary estate. He could not by his writing surrender to himself the tenant's estate. The tenant might surrender the estate for years. It is the tenant's estate, which surrender, to be valid, must be in writing as the statute requires. 2 Tiffany, Landlord and Tenant, § 187.

Estoppel, perhaps an important question, was pleaded, but not urged in the trial court, and therefore receives no attention here.

Verdict should have been directed for plaintiff. Reversed. New trial granted. Costs to abide the result.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.