BLAIR *v.* LUX.

1. LANDLORD AND TENANT—AGREEMENT FOR LEASE.
     Agreement for lease to be executed later is no demise, and
     does not create relation of lessor and lessee.

2. SAME—ENTRY UNDER AGREEMENT FOR LEASE—LICENSE.
     Where plaintiffs as prospective lessees entered into agreement
     with defendant for lease to be executed later, plaintiff's entry
     for purpose of moving small building did not convert agree-
     ment for lease into tenancy, but said act was in nature of
     license.

3. SAME—MERE AGREEMENT FOR LEASE DOES NOT CREATE TENANCY.
     Mere agreement for lease does not create tenancy, or give to
     party with whom it is made right to possession.

4. SAME.

> Where owner failed to execute lease for three-year term to plaintiffs as he agreed to do, no tenancy for any term was · created, although plaintiffs, in anticipation of lease, entered premises and removed small building.

5. SAME—RECOVERY OF MONEY PAID ON FAILURE TO EXECUTE LEASE.

> Money paid· on agreement for execution of lease is recoverable in· action· at law, where owner· failed to execute it.

·Appeal·from. Wayne; Hunt (Ormond F.), J. Submitted .October 28, 1931. (Docket No. 111, Calendar No. 35,576.) Decided January 4, 1932.

Assumpsit in common pleas· court by Ted L. Blair and another against George V. Lux to recover amount paid under agreement for lease which was never executed. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bryant, Lincoln, Miller & Bevan,* for plaintiff.

*Myron Schiffman,* for defendant.

WIEST, J. Defendant agreed to lease certain property to plaintiffs for the term of three years. A memorandum of agreement for a lease, to be later executed, was initialed by the parties. The lease was to be prepared by defendant within 10 days. It was not so prepared and no lease was executed. At the time of the agreement for the lease plaintiffs paid $350. Plaintiffs brought this suit to recover the $350, paid at the time of·the agreement for the lease, and also the expense of moving a small building that was on the premises. Defendant moved the building back, sought recovery of the expense in doing so, claimed that plaintiffs took possession, thereby rendering the lease valid for one year, and

asked for rent, under the terms of the agreement for a lease, until defendant leased the premises to others. An issue of fact was raised upon whether the agreement for a lease was later modified by verbal agreement, but the jury found against defendant on that. Plaintiffs had verdict and judgment for $300.

Defendant, upon review by appeal, contends that entry by plaintiffs in moving the small building dispensed with the written lease and created a tenancy for three years, or for a year, or, at least, from month to month.

An agreement for a lease, to be executed later, is no demise, and does not create the relation of lessor and lessee.

In *Caplis* v. *Monroe,* 228 Mich. 586, we quoted from 2 Reed, Statute of Frauds, § 818:

" 'It may, however, be stated as generally true that an agreement for a lease will be treated as a present demise when it does not involve the execution of any formal lease, and possession is taken under it. If, however, the agreement contemplates the execution of some further instrument in order to carry into effect the intention of the parties, it cannot operate as a present demise until such instrument is executed.' "

In the case at bar, the agreement for a lease negatived operation of the agreement as a lease, for it required the execution of a lease. The entry of plaintiffs for the purpose of moving the small building was not such occupancy as to convert the agreement for a lease into a tenancy.

It has been repeatedly held that "a mere agreement for a lease does not create a tenancy, or give to the party with whom it is made a right to possession." Plaintiffs had no right to possession. While

their act, in moving the small building, was probably not a trespass but rather in the nature of a license, it clearly was not under right as lessees.

The failure of defendant to comply with the agreement for a lease did not create a tenancy for three years or for any lesser period. The parties were dealing for a three-year term and have not by their acts created that term in fact or any other term by operation of law.

Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.